MONTGOMERY et al., Appellants, v. KELLEY (Dirks, Intervener), Respondents.

(174 N. W., 869.)

(File No. 4563.   Opinion filed November 21, 1919.)

1.  **Trusts—Realty, Resulting Trust In—Former Opinion Explained.**
In the original opinion herein, the Court, in specifying the respective interests of the parties in certain realty, intended to refer to the evidence as establishing that the premises in suit were held in trust for the creditors mentioned in the proportions evidenced by the amount of their respective claims against the estate of Dirks, deceased.

2.  **Homesteads—Decedent's Estate, Purchaser of Realty, Consideration of by Credit on Creditors' Claims, Whether Lienor, As Against Claimants.**
As to whether a purchaser of realty of a decedent estate, who as consideration therefor credited a presentage of claims held against the estate, and who among the claimants has a one-seventh interest in certain realty, and who has expended moneys for the benefit of the property which, it is contended, inured to the benefit of his estate, after his decease, has a lien superior to the right of other claimants, held, that possibly, as between an intervener in behalf of such purchaser's estate, and the creditors of said estate, such homestead right might exist, yet, as between the intervener and claimants against the estate so purchased, who are owners of proportionate equitable interests, such homestead right does not exist.

On rehearing.   Former opinion explained and extended; rehearing denied.

Brown & Brown, and House & Dyer, for Appellants.

E. R. Slifer, for Defendant Administrator.

Wagner & Danforth, for Intervener.

GATES, J.   The intervener and the administrator have petitioned for a rehearing upon the ground, in part, that the question of the intevener's homestead right in the premises in suit was not determined.   The answer of appellants to the petition for rehearing also requests a decision of that question.

In the opinion we said:

"There was competent evidence to the effect that appellant Montgomery had an interest in the premises to the extent of $2,216.90, the Citizens' State Bank of Oacoma to the extent of $740.32, W. R. Tapper to the extent of $2,000, these sums being 85 per cent. of their claims against the Sanford estate; and we

are satisfied that a trust in said real estate in those amounts was clearly proved."

Possibly that language was misleading. The idea we intended to convey was that the competent evidence clearly tended to prove that the premises in suit were held in trust for those creditors in the proportions evidenced by the amount of their claims, to wit, Montgomery, approximately 22/49; Citizens' State Bank, approximately 1/7; and Tapper approximately 20/49. The evidence tended to show that Dirks made some expenditures for the benefit of the property which would inure to the benefit of his estate as a lien thereon superior to the rights of the beneficiaries of the trust. In the parceling out of the assets of the Sanford estate purchased in the name of Dirks it does not clearly appear to whom the Metcalf notes ($675) belonged. By the turning over of those notes to Montgomery his interest in the trust was reduced to the proportion that $2,216.90 less $675 bore to the whole, and the real owner of the Metcalf notes became interested in the trust to the approximate proportion of 1/7. Supposing Dirks to have been the real owner of those notes; could a homestead interest in approximately 1/7 of the real estate be established in the intervener? Possibly so, as between the intervener and Dirks' creditors, but not as between the intervener and the owners of the other 6/7 of the equitable title. 13 R. C. L. 573. Such approximate 1/7 interest in the premises in suit being the only possible interest to which the intervener's homestead right might attach, we hold that, as far as Montgomery is concerned (Tapper and the bank not being parties hereto), the intervener can have no homestead interest in the premises.

The petition for rehearng is denied.