HEWITT, et al, Appellants, v. CARLSON, et al, Respondents.

(244 N. W. 108.)

(File No. 7289. Opinion filed August 30, 1932.)

*Hanten, Hanten & Henrikson,* of Watertown, for Appellants.

*Perry F. Loucks,* of Watertown, and *T. B. Thorson,* of Rapid City, for Respondents.

RUDOLPH, J. The defendant, First State Bank of Revillo, owner of a judgment against the plaintiffs Hannah M. Hewitt and Charles D. Hewitt, caused an execution to be issued and levied upon certain real property, the title of which, on the record, was in the name of the plaintiff Hannah M. Hewitt. The plaintiffs claim this property as a homestead, and bring this action to enjoin the execution sale. It is undisputed that prior to March 7, 1928, the premises in question constituted the homestead of the plaintiffs. The undisputed facts are substantially as follows  The plaintiff Charles D. Hewitt, together with his family, consisting of his wife, Hannah M. Hewitt, and three children, lived in Revillo, S. D., where Hewitt was engaged in business. In the year 1924 Hewitt's business failed. The Hewitts were living and occupying their

home in Revillo, and continued to live in Revillo and occupy the home until March 7, 1928. Following the failure of his business in 1924, Hewitt worked at such jobs as he could find in the town of Revillo, but such work was not sufficient for him to support his family. From 1924 to September, 1927, his average monthly income did not exceed $40. Hewitt unsuccessfully sought work in neighboring towns. Finally, through a nephew, he got a position in Waterloo, Iowa, and went to that place in September, 1927, and earned on the average of $22 a week. After Hewitt went to Waterloo, his family continued to reside in Revillo and occupy the family home. However, it was impossible for Hewitt to maintain himself in Waterloo and his family in Revillo, and in March, 1928, he went back to Revillo, sold off some of his household furniture, rented his house, and took his family to Waterloo, where they lived in rented quarters.

The trial court found: "That when the said plaintiffs removed from the said house in the town of Revillo, above described, on March 7, 1928, and took up their residence at Waterloo, Iowa, they did so remove without any present intention of returning thereto, and with at the most any future purpose to so return predicated on so many contingencies that it amounted to an abandonment of their homestead right in said premises, and that at the time of the levy of the warrant of attachment, as hereinafter set out, and at the time of the levy of the execution, and at the time of the sale, and at the time of the issuing of the Sheriff's Deed, all as hereinafter set out, the said property had been abandoned as a homestead by the said plaintiffs."

The only question involved in this appeal is whether the evidence is sufficient to sustain the finding and conclusion of the trial court that the plaintiffs had abandoned their homestead at the time the levy was made. The determination of this question depends upon the intent of the plaintiffs as this intent is disclosed by the record. The execution was issued and the levy made approximately four months after the plaintiffs had moved to Waterloo. The plaintiff Charles D. Hewitt testified, regarding his intentions in moving to Waterloo, as follows: "It was for the purpose of making a living for my family and having my family together there and the more economic way of living. My inten-

tion was to take this employment for a period of one year and then return to Revillo to live if there was any employment from which I could make a livelihood."

The plaintiff Hannah M. Hewitt testified: "It was our intention as soon as 'Mr. Hewitt could find something at Revillo to move back. It was not our intention to live at Waterloo all the time because our home was in Revillo."

The man who moved the Hewitt household goods from Revillo to Waterloo testified that Hewitt in effect told him that he was not leaving Revillo "for good." A druggist in the town of Revillo testified that he understood from Hewitt that "he intended to come back to Revillo just as soon as work would open up so he could make a living for his family." It is undisputed that at the time Hewitt left Revillo the man to whom he rented the house desired a three-year lease, but Hewitt would agree to lease it for one year only. This testimony concerning the intention of the Hewitts at the time they removed from Revillo to Waterloo is undisputed, except as it is disputed by the circumstances surrounding their removal. We have searched the record carefully to find some act or circumstance inconsistent with this intention as testified to by the Hewitts, and have been unable to find any such act or circumstance. To our minds the evidence establishes definitely that at the time the Hewitts left Revillo and at the time the levy under the judgment was made, it was the intention of the Hewitts to return to Revillo and occupy the homestead, as soon as conditions in Revillo would allow the husband and father to have employment which would enable him to support himself and his family.

■ The trial court found that any future purpose on behalf of the plaintiffs to return to Revillo was predicated on so many contingencies that it amounted to abandonment to their homestead rights in the premises. We have, we believe, carefully considered this record, and, so far as we have been able to determine, the only contingency upon which the future purpose to return to Revillo was predicated was the contingency that Hewitt find work by means of which he would be able to support himself and family. Hewitt had been able to support his family in Revillo for a good many years, and it would only be reasonable for Hewitt to believe

that conditions in Revillo would not remain forever the same as they were in 1927, but that within a reasonable length of time conditions there would improve to the extent that it would be possible for him to be gainfully employed. This contingency upon which was predicated the future purpose of the Hewitts to return to Revillo and again occupy the homestead was not such a contingency as would defeat their homestead right in the premises. This court in the case of Yellow-Hair v. Pratt, 44 S. D. 136, 182 N. W. 702, 704, said: "While a party leaving a homestead must, in good faith, intend to return to it at some future date, such date need not the 'fixed or definite' as to time; neither need such intent be an intent to return regardless of all possible contingencies; but, if there is an honest belief that at some time in the future the party will reoccupy the property as a home, and such party does no act inconsistent with such belief and intent, the homestead right is not forfeited." .

The respondents contended that the fact that at the time the plaintiffs were notified the property in Revillo had been levied upon to satisfy the judgment Hannah Hewitt deeded the property to her daughter is sufficient to establish that, at the time the Hewitss moved from the property, they, in effect, abandoned it as their homestead. To our minds this contention of the respondents is without real merit. Had the plaintiffs been of the opinion that they had abandoned their homestead upon their removal therefrom, they would not have waited until three or four months afterwards to deed this property in the hopes of putting it beyond the reach of their creditors, but would have done so immediately upon their removal. We believe that the most that can be said for this evidence regarding the deeding of this property to the daughter is that it was an attempt to save the home which, until the notice was served upon them, the Hewitts were of the opinion was their homestead and not subject to the claims of creditors.

We fully appreciate the rule regarding the weight to be given to the findings of the trial court, but we are of the view that the clear preponderance of the evidence is against the finding that the Hewitts removed to Waterloo, Iowa, without any present intention of returning to Revillo. We are further convinced that the only contingency upon which their future purpose to return

to Revillo was predicated was that Hewitt receive work at Revillo by means of which he could support himself and family; that this contingency is not such as would defeat the homestead right in the premises.

The judgment and order appealed from are reversed.

POLLEY, ROBERTS, and WARREN, JJ., concur.

CAMPBELL, P. J. (dissenting). Being unable to believe that the clear preponderance of the evidence is against the findings of the trial court, I think the judgment and order appealed from should be affirmed.