BOTSFORD LUMBER CO., Appellant, v. CLOUSE, Respondent.

(251 N. W. 801.)

(File No. 7561. Opinion filed December 29, 1933.)

*Harlan J. Bushfield,* of Miller, and *Warren & Eggen,* of De Smet, for Appellant.

*J. H. Cole,* of Miller, for Respondent.

POLLEY, J. This action was brought to foreclose a mechanic's lien on a quarter section of land in Hand county. The land belonged to and constituted the homestead of Joseph A. Clouse. The material for which the lien is claimed was used in the construction of a barn on the said homestead. The first item of such material was delivered by plaintiff to said Clouse on the 28th day of May, 1929, and last item on the 21st day of August, following. The balance for which a lien is claimed is $1,604.45. Said Clouse died on the 11th day of October, 1929, and on the 16th day of November, 1929, plaintiff filed its claim of lien on said homestead. Decedent left no widow or minor child. The said barn was built upon a concrete foundation to which said building was securely bolted with iron bolts.

The case was tried to the court. Findings of fact, conclusions of law, and judgment were for defendant, and plaintiff appeals.

Section 449, R. C. 1919, provides that: "The homestead of every family, resident in this state, as hereinafter defined, so long as it continues to possess the character of a homestead is exempt from judicial sale, from judgment lien and from all mesne or final process from any court, to the extent and as provided in title 2."

It is conceded by appellant that the quarter section of land on which the material was used and which constituted decedent's homestead did not exceed $5,000 in value, and it is not contended by appellant that the property, so long as it remained the homestead of decedent, was subject to a mechanic's lien. Such has been established as the law by this court. Fallihee v. Wittmayer, 9 S. D. 479, 70 N. W. 642; Burns Lumber Co. v. Peterson, 48 S. D. 92, 202 N. W. 387; and see Berger v. Berger et al, 104 Wis. 282, 80 N. W. 585, 76 Am. St. Rep. 877. But he does contend that the homestead character of the property was extinguished by decedent's

death, and that by filing its claim of lien after such death and within 90 days after the delivery of the last item of material, it secured a valid lien on the property. This position is based on the theory that the lien is created by the filing of the lien statement, but in this position appellant is clearly wrong. Under the provisions of section 1646 the lien "shall attach and take effect from the time the first item of material or labor is furnished upon the premises for the beginning of the improvement."

And under the provisions of section 1649, "the lien shall cease at the end of ninety days after doing the last of such work, or furnishing the last item of such skill, material, or machinery, unless within such period a statement of the claim therefor be filed with the clerk of courts of the county in which the improved premises are situated. * * *".

Under these provisions of the law it is clear that the lien is created by the delivering of material or the furnishing of labor or skill; and that the filing of the statement is only for the purpose of preserving a lien already created. The premises involved were not subject to a mechanic's lien so long as it remained the homestead of Joseph C. Clouse, therefore no lien was created during his lifetime; and no material was furnished after the homestead character of the property was extinguished, therefore no lien was ever acquired.

The judgment and order appealed from are affirmed.

All Judges concur.