BOTSFORD LUMBER CO., Appellant v. CLOUSE, Respondent.

(257 N. W. 106.)

(File No. 7724. Opinion filed November 8, 1934.)

*Harlan J. Bushfield,* of Miller, for Appellant.
*J. H. Cole,* of Miller, for Respondent.

WARREN, J. Joseph A. Clouse died October 11, 1928, leaving as his heirs one son, William, aged 38, one daughter, Mabel J. Williams, aged 34, and five grandchildren. The estate of deceased consists of six quarter sections of land (five of them encumbered), all situated in Hand county, S. D., and of a total value of approximately $20,000; farm implements, live stock, grain, household furniture, and other personal property valued at $2,000. On November 2, 1928, William A. Clouse was appointed executor. Three claims, all of which were allowed, were filed against the estate, the Botsford Lumber Company claim of $1,604.45 being among them. In a former suit, reported in 62 S. D. 108, 251 N. W. 801, the said Botsford Lumber Company sought to foreclose a mechanic's lien on the quarter section of land constituting the homestead of Joseph A. Clouse, for materials used in constructing a barn upon said homestead. In that case we held that the lien could not be enforced against the homestead for materials furnished while the testator was alive and residing thereon.

On February 5, 1934, the appellant petitioned the county court for the sale of certain real estate belonging to the decedent's estate described as the southeast quarter of section 1, township 111, range 69 West of the fifth p. m., Hand county, S. D. (the property involved in the former suit upon which it was sought to enforce a mechanic's lien), for the purpose of paying claims. The court

thereupon made an order to sell said property for such purpose. The executor appealed to the circuit court from the said order of sale. Upon trial in the circuit court the order of the county court was reversed. Appellant appealed to this court from the circuit court order.

In the former appeal, Botsford Lumber Company v. Clouse, 62 S. D. 108, 251 N. W. 801, the appellant sought to enforce a mechanic's lien against the property which had been occupied as a homestead by decedent Joseph A. Clouse. We held that the premises involved were not subject to a mechanic's lien so long as it remained the homestead of Joseph A. Clouse and that no lien was created during his lifetime. We further said that no material was furnished after the homestead character of the property was extinguished and that therefore no lien was acquired. From the record before the court in said action, it seems clear and we indicated that the homestead character of the property was extinguished upon the death of said Joseph A. Clouse and the record in the instant case fully justifies that conclusion.

Certain statutory provisions indicate the persons entitled to possess and occupy real property belonging to estates as homesteads. Section 466 of the 1919 S. D. Revised Code provides:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age."

It is further provided by section 468, 1919 S. D. Revised Code, that:

"If there be no husband or wife surviving, and no issue, the homestead shall be liable to be sold for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead."

Applying the language just quoted to the facts before us, we find that there is no husband, nor wife, and no issue, and under the term "issue" we are bound to limit it to the language of the other sections relating to homestead in which the terms "children" and "until the youngest child becomes of age" are used.

A further examination of our statutes relating to homesteads (claimed by heirs) indicates that the exemption from or protection

against the collection and enforcements of debts will be afforded to only the surviving spouse and children during minority.

The record clearly indicates that none of the persons designated as the heirs of Joseph A. Clouse is entitled to the exemption prescribed in the various homestead sections of our statutes. Those entitled to participate in our homestead exemption laws are mentioned first in section 450 as the widow or widower without children and in section 466 we find that the term "children" is added. Said section provides that for the order of possession of homestead, upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law and upon the death of the husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age. Under said section we have, in addition to the surviving husband or wife, the situation that the children may occupy the homestead until the youngest child becomes of age, conclusively showing that the purpose of the homestead exemption law is for the protection of the family—husband, wife, and children. The children, it will be observed, are designated as to age—"until the youngest child becomes of age."

That upon the death of the husband and wife and there being no issue, the homestead shall be liable to be sold for the payments of any debts is the mandate of section 468, 1919 S. D. Revised Code. Under the record before us the husband passed away, leaving surviving him neither wife nor minor children, that is, children who might possess and occupy the homestead until the youngest child should become of age. From the foregoing deductions, it conclusively appears that there can be no rights of homestead by the respondent in this case.

██ ██ The right of homestead is not, under the laws of this state, an estate in land, but is a mere privilege granted by the Legislature in fulfilling the constitutional mandate of section 4, art. 21, and consists of the right of occupancy given to the surviving spouse and minor children and does not pass by succession, showing clearly that when the need for protection for the family ceases, then there is no longer any reason for the homestead. The homestead exemption is therefore temporary and exists only so long as the conditions prevail under which it was allowed by the

homestead law. In this case the homestead right died with the owner, Joseph A. Clouse, for the record discloses that he was survived by neither wife nor any minor children. Bailly et al v. Farmers' State Bank, 35 S. D. 122, 150 N. W. 942.

The circuit court order appealed from is reversed and the case is remanded with instructions to reinstate the county court's order permitting and requiring the sale of the the real property of the estate described in the county court's order of sale.

ROBERTS, P. J., and CAMPBELL and RUDOLPH, JJ., concur.

POLLEY, J., concurs in a reversal.