KNITTEL, Respondent, v. G. SOMMERS & CO. et al.,
Appellant

(28 N. W.2d 878.)

(File No. 8900. Opinion filed September 23, 1947.)

**Max Stokes,** of Aberdeen, for Appellants.

**E. S. Haerter,** of Hosmer, and **J. M. Berry,** of Ipswich, for Plaintiff and Respondent.

ROBERTS, J. On September 27, 1932, G. Sommers & Co. caused a judgment it had recovered against Wilhelm Knittel to be docketed in Edmunds County. The judgment

debtor brought this action to determine adverse claims to a residence property in the town of Hosmer and the sole question presented was whether this property constituted the homestead of the plaintiff and was, therefore, exempt from execution sale. Plaintiff and his family actually occupied the premises from 1910 until June 15, 1944, when the property was leased and the family went to the state of California. The original homestead character of the property is not questioned. The trial court found that plaintiff with his family moved to California because of his health and with the intention of returning and did not abandon his homestead right in the property. Judgment was entered accordingly and defendants appeal.

 The general rule is that temporary absence from the premises will not of itself cause an abandonment of the homestead. This court in· Warner v. Hopkins, 42 S. D. 613, 176 N. W. 746, 748, said: "It is a well-established rule that, where a home, residence, or settlement has once been acquired on lands, it is not necessary that there should be continuous, actual occupation to secure the homestead from forced sale, and that an absence temporary in its nature, and not designed as an abandonment, will not work a forfeiture of the right. A departure from the homestead for pleasure, business, or health does not constitute an abandonment thereof, unless it be apparent that there is a design of permanent abandonment." Defendants assert that evidence respecting plaintiff's intention not to remove permanently, but to return to his home in Hosmer, is vague; that an' intention to return some time in the indefinite future is not sufficient to preserve a homestead right. To retain such right one leaving a homestead must in good faith intend to return, but it is not essential that he should intend to return at any particular time in the future. Yellow-Hair v. Pratt, 44 S. D. 136, 182 N. W. 702; Hewitt v. Carlson, 60 S. D. 168, 244 N. W.108. Plaintiff has been owner of the property in question for more than thirty-five years. He owns no other real property. There is evidence tending to show that plaintiff intends to return to his residence property in Hosmer

when his health permits. We are satisfied that the findings of the trial court to the effect that plaintiff left his home temporarily and intends to return are sustained by the evidence.

SDC 51.1712 and 51.1713 read as follows:

"51.1712. Identification and description: methods; recording. The homestead shall be marked off by fixed and visible monuments and platted, unless the same shall embrace the whole of a subdivision or lot, and in giving the description thereof, then marked off and platted as aforesaid; the direction and distance of the starting point from some corner of the dwelling house shall be stated. The description of the homestead, certified and acknowledged by the owner, shall be recorded by the register of deeds of the proper county in a book to be called the 'homestead book', which shall be provided with a proper index."

"51.1713. Notice of homestead claim: recording or possession required. If the property is not marked off, platted, and recorded as hereinbefore provided it shall not have the character or exemption rights of a homestead unless it is actually occupied as such by the owner."

A notice or declaration of homestead claim was filed by the plaintiff on September 17, 1945. It is admitted that no notice or declaration was previously filed. Defendants contend that a homestead exemption is lost by ceasing actually to occupy the property and failing to file a notice or declaration as provided in Section 51.1713. The provisions of that section were first enacted as a part of the South Dakota Code of 1939. This court before the enactment of these provisions held that homestead rights could be acquired prior to actual occupancy if there was a bona fide intention to occupy the premises at some future time as a homestead. Jensen v. Griffen, 32 S. D. 613, 144 N. W. 119, 50 L. R. A., N. S., 1128; Harter v. Davison, 53 S. D. 399, 220 N. W. 862. Considering its provisions with preceding sections of the homestead law, we think that Section 51.1713 has reference to the acquisition and establishment of a homestead. The legislature did not intend to make the

filing of a notice or declaration a condition to entitle an owner to the protection of a homestead exemption during a temporary absence.

The judgment appealed from is affirmed.

All the Judges concur.