**In re Calvin Keith WOOD, fdba Cal's Plumbing & Heating and Patricia Ann Wood, Debtors.**

**Bankruptcy No. 580–00095.**

United States Bankruptcy Court, D. South Dakota.

Feb. 3, 1981.

Robert M. Nash, Wilson, Bottum, Olson, Goodsell & Nash, Rapid City, S.D., for debtors.

Robert A. Warder, Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, S. D., trustee in Bankruptcy.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Calvin and Patricia Wood filed a Chapter 7 bankruptcy petition on August 21, 1980, in the United States Bankruptcy Court for the District of South Dakota. Under Schedule B–4 of Debtors' Petition, Debtors claimed as exempt under South Dakota law the following property:

(1) household goods valued at $430.00 (SDCL 43–45–4);

(2) books and pictures valued at $10.00 (SDCL 43–45–2 & 4);

(3) wearing apparel and jewelry valued at $200.00 (SDCL 43–45–2);

(4) one year's provisions valued at $300.00 (SDCL 43–45–2);

(5) firearms valued at $950.00 (SDCL 43–45–4);

(6) 1966 Apache camper trailer valued at $100.00 (SDCL 43–45–4);

(7) 1977 Ford Ranchero valued at $10.00 (SDCL 43–45–4); and

(8) A parcel of ground Corner 1 of which is common to Corner 7 of said Placer 64, thence N. 54° 50′ E. 71.00 feet along Line 7–6 of said Placer 64 to Corner 2, thence S. 32° 20′ E. 81.32 feet to Corner 3, thence S. 63° 19′ W. 68.52 feet to Corner 4, which is a point on Line 1–7 of said Placer 64, thence N. 34° 35′ W. 71.03 feet along Line 1–7 of said Placer 64 to Corner 1, the place of beginning; as shown on Homestake Mining Company Engineering Department Drawing A–1–95; said parcel of ground lying north of the right-of-way of U.S. Highway 14–A in Blacktail, South Dakota, and according to Homestake Mining Company records is known as No. 14 Blacktail, and Lot 2 of the subdivision of Placer No. 715 also described as being that part of the Placer claim lying North of the U.S. Highway 14–A in Section 28, T5N, R3E of Black Hills Meridian containing .0256 acres more or less as shown in Plat Book 4, Pages 287–288 in the Lawrence County Register of Deeds Office. Said property is held by a license from Homestake Mining Company dated February 15, 1966, and is valued at $29,500.00 (SDCL 43–45–3).

The Trustee filed an Objection to Claimed Exempt Property. Trustee objected to all of the Debtors' claimed exemptions for the following reasons, "All exempt property is challenged on the grounds that the Bankrupts left the State of South Dakota in April, and also that they do not hold title to the land where the home is located." Debtors filed an Application for Hearing on Trustee's objections.

The Court held a hearing at which time Counsel agreed to submit the case on briefs. Based on the pleadings and the briefs supplied by the parties, this Bankruptcy Court makes the following Findings of Fact and Conclusions of Law.

## FACTS

The home Debtors claim exempt under the homestead exemption is on property that Debtors hold by a license from Homestake Mining Company dated February 15,

1966. In April of 1980, Debtors moved to Farmington, New Mexico, where Calvin Wood, Debtor, obtained a job. The Debtors left South Dakota because they were unable to obtain gainful employment in South Dakota. Debtors intend to return to South Dakota as soon as economic conditions improve and gainful employment is possible. Currently, the homestead property is occupied by Debtors' relatives who are taking care of it. The house is not listed for sale, nor do Debtors intend to sell it. Debtors, who are renting a place while in New Mexico, own no other real estate and claim no other homestead exemption.

On August 21, 1980, Debtors filed bankruptcy in this District and claimed exemptions as set out earlier.

### ISSUES

Counsel presented the following issues to the Court:

(1) Whether Debtors can claim under South Dakota law the additional personal property exemption and the homestead exemption, and

(2) Whether Debtors can claim a homestead exemption in property that they hold by license only and not in fee simple.

(1) *Residents of South Dakota*

The first issue is whether Debtors can claim under South Dakota law the additional personal property exemptions and the homestead exemption.

SDCL 43–45–7 provides in part that: "Except those made absolute, the exemptions herein provided for must not be construed to apply to the following persons, namely:

"(1) To a non-resident;

"(2) To a debtor who is in the act of removing with his family from the state;".

Further, SDCL 43–31–1 provides that, "The homestead of every family, *resident in this state*, as hereinafter defined, so long as it continues to possess the character of a homestead is exempt ..." (Emphasis added.)

For purposes of this decision, this Court will assume that the Trustee's argument that a debtor must be a resident of the State of South Dakota in order to claim both the additional personal property exemption and the homestead exemption is correct. Thus, this Bankruptcy Court must determine whether Debtors are residents of the State of South Dakota for purposes of being entitled to claim certain South Dakota exemptions.

The South Dakota Code does not contain a definition of who qualifies as a resident for purposes of being entitled to claim certain South Dakota exemptions. The South Dakota Code does contain a definition of who is a resident for such purposes as voting, obtaining a hunting or fishing license, and for seeking a divorce under South Dakota law. However, a person who may qualify as a resident for purposes of obtaining a hunting or fishing license may not qualify for the purposes of voting. The definition of resident depends entirely upon what area of law you are going to apply the definition to.

In the absence of a statutory definition of who qualifies as a resident for the purpose of claiming South Dakota exemptions, this Bankruptcy Court carefully reviewed the applicable South Dakota case law and found of interest the decisions of *Hewitt v. Carlson*, 60 S.D. 168, 244 N.W. 108 (1932), and *Knittel v. G. Sommers and Co.*, 72 S.D. 5, 28 N.W.2d 878 (1947), wherein the South Dakota Supreme Court allowed the debtors who had left the state for business or health reasons to claim the South Dakota homestead exemption.

In *Hewitt*, a debtor moved to Iowa and took a job after being unable to find employment in South Dakota. Finding it impossible to maintain himself in Iowa and his family in South Dakota, the debtor returned to South Dakota, sold off some of his household goods, rented out his house, and moved the family to Iowa. The South Dakota Supreme Court, reversing the trial court, held that the debtor intended to return to South Dakota when employment became available and that debtor intended

South Dakota to be his permanent home. The Court, rejecting the trial court's holding that the debtor's return was predicated upon so many contingencies as to constitute abandonment of the property, held that the only contingency was debtor's ability to find available employment and that such a contingency was not sufficient to defeat debtor's homestead right in the property.

In *Knittel*, the debtor moved to California for reasons of health but intended to return. In holding that debtor was entitled to claim the homestead exemption in the South Dakota property, the South Dakota Supreme Court said:

"A departure from a homestead for pleasure, business, or health does not constitute an abandonment thereof, unless it be apparent that there is design or permanent abandonment .... To retain such right one leaving a homestead must in good faith intend to return, but it is not essential that he should intend to return at any particular time in the future." (28 N.W.2d at 878, 879)

The applicable law at the time the South Dakota Supreme Court decided *Hewitt* and *Knittel* required the debtor to be a resident of the state in order to claim the homestead exemption. Although the South Dakota Supreme Court in *Hewitt* and *Knittel* never specifically addressed the issue of whether the debtors were residents, this Bankruptcy Court is of the opinion that such a finding must necessarily have been implied.

 Where state law is vague on whether debtors are residents of that state for purposes of claiming the state exemptions, the Bankruptcy Courts should construe the state law, where possible, so as to achieve the underlying purposes of the Bankruptcy Code to provide debtors with a fresh start and an opportunity for meaningful rehabilitation. This Bankruptcy Court concludes, based on *Hewitt* and *Knittel*, that for purposes of claiming South Dakota exemptions a debtor is not required to actually reside within the state at the time the debtor claimed the exemptions. However, for a debtor to be entitled to claim South Dakota exemptions, the Court must find,

based on the facts, that the debtor, who has left the State of South Dakota for business, health, or personal reasons for an indefinite period of time, has continued to consider himself as a South Dakota resident and intends to return to South Dakota and live.

 The party objecting to the Debtors' claim of exemptions has the burden of proof that Debtors are not entitled to the claimed exemptions. Clearly the facts in this case support a finding that Debtors continued to consider South Dakota their permanent home and intended to return to South Dakota as soon as employment became available.

In April of 1980, due to lack of available employment in South Dakota, Debtors moved to Farmington, New Mexico, where Calvin Wood, Debtor, had obtained a job. That Debtors intend to return to South Dakota as soon as employment is available in South Dakota is not in controversy. Because Debtors intend to return to South Dakota, they have not listed their claimed homestead property for sale, nor do they intend to do so. Currently, relatives are living in the house as caretakers. Further, that Debtors believed themselves to be residents of South Dakota and treated South Dakota as their permanent home is indicated by the fact that three months after they moved to New Mexico, they chose to hire South Dakota counsel and file their bankruptcy petition in the District of South Dakota.

This Bankruptcy Court holds that Debtors qualify as South Dakota residents for purposes of being entitled to claim South Dakota exemptions. This Bankruptcy Court further holds that SDCL 43–45–7(2) applies only where debtor removes his family from the state with the intention of making another state his permanent home.

(2) *Sufficiency of License as Interest in Homestead Property*

The second issue presented to the Court is whether Debtors can claim a homestead exemption in real property that they hold by license only and not in fee simple.

The home Debtors claim as exempt under the homestead exemption is located on property that Debtors hold by license granted from Homestake Mining Company dated February 15, 1966.

The Trustee cites the case of *Myrick v. Bill*, 3 Dak. 284, 17 N.W. 268 (1883), as authority for the proposition that a debtor cannot claim a homestead exemption in property that the debtor holds only by license. In *Myrick*, the defendants claimed a homestead exemption in certain buildings. A judge in the trial court instructed the jury on this point as follows:

"I have no hesitation in saying that the building owned and occupied by a man and his family constitute his homestead, although the land on which the building stands is only a leasehold estate, and although he is but a tenant at will upon the land the building may be a homestead; although he has squatted upon the prairie and has built a house of any kind, however cheap or however expensive that is his homestead."

According to the Trustee's brief, on appeal, "the Supreme Court of South Dakota concluded in no uncertain terms that the propriety of the instructions was not the problem, but rather, that the jury should not have passed on this point in the first place there, being no proof offered that the land the buildings were upon was owned by defendant's former husband and this constituted a homestead. In the words of the Court 17 N.W. at page 271:

"It was not pretended that at the time the bill of sale was executed, Miller had any right or title to or estate in the land in which these buildings were situated, and the rule seems to be well settled that while a very limited estate in the land, perhaps a mere leasehold interest, may be sufficient to support a claim of homestead, some estate in the land is essential. There can be no homestead right in a building alone, apart from the land on which it stands. (Cita.)"

The South Dakota Supreme Court sent *Myrick v. Bill* back to the trial court for retrial. Upon retrial, the jury found specif-ically that defendants were entitled to claim a homestead exemption in the property. In its second consideration of *Myrick v. Bill*, 5 Dak. 167, 37 N.W. 369 (1888), the Supreme Court upheld the jury's finding that the defendants were entitled to claim a homestead exemption in the certain buildings. The Supreme Court stated 37 N.W. at page 371,

"Without stopping to consider the question whether, under the homestead laws of this territory, anything more than actual possession and occupation of the land in which the house is located is necessary, in order to give such occupant a homestead interest therein, as against everybody except the owner of the soil, and assuming that some interest in the soil itself, in addition to such possession, is essential to put the occupant in a position to maintain a homestead right, still the admitted facts in this case, and those found by the special verdict of the jury, are ample to satisfy any demands of law in that regard, . . .".

Although this Bankruptcy Court searched diligently, it was unable to locate a South Dakota Supreme Court case that did address the issue of whether anything more than actual possession and occupancy of the land on which the house is located is necessary in order to give such occupant a homestead exemption. Nor did the Court locate a South Dakota Supreme Court decision where the facts were similar to the facts before this Bankruptcy Court.

In the hundred years that have passed since the decision in *Myrick v. Bill*, the courts have generally construed the homestead provisions liberally in order to give effect to the purpose of the homestead exemption of providing "the family a home in which it may have shelter from and a protection against the claims of creditors or its own improvidence and where it may live and be protected," *Ramsey v. Lake County*, 70 S.D. 61, 14 N.W.2d 125. Further, the courts have generally held that,

"Any interest which is of sufficient dignity to be assignable, or which is capable of being subjected to the payment of debts,

is sufficient to support a claim of homestead. And in some of the decisions the courts have considered assignability or capability of subjection of levy to be a test by which it is to be determined whether a homestead claim may attach to the estate or interest in question." 89 A.L.R. 516.

Under South Dakota law the right to a homestead is not an estate in land, but is a mere privilege granted by the legislature in fulfilling the constitutional mandate. *Botsford Lumber Co. v. Clouse*, 63 S.D. 147, 257 N.W. 106 (1934), cited by *Schutterle v. Schutterle*, 260 N.W.2d 341 (S.D.1977). In accord with that view, the courts have generally held that,

> "A debtor need not be the absolute owner in fee in order to establish a homestead right in land but that any interest in land, coupled with the requisite occupancy by the debtor and his family, is sufficient to support a homestead exemption." 89 A.L.R. 512.

The Debtors' brief does an excellent job of listing the different types of interest in real estate that have been held sufficient to support a homestead claim. Those are: (1) contract of purchase, 89 A.L.R. 531; (2) adverse possession, 74 A.L.R.2d 1352; (3) life estate, 89 A.L.R. 521; (4) equity of redemption, 89 A.L.R. 530; (5) equitable titles, 89 A.L.R. 547; *Montgomery v. Kelley*, 42 S.D. 326, 174 N.W. 869 (S.D.1919); (6) leasehold interest, 89 A.L.R. 556.

This Bankruptcy Court holds that Debtors are entitled to claim the homestead exemption even though they hold the property only by license. The particular facts in this case clearly indicate that Debtors have sufficient interest in the estate to justify such a holding. In the area where Debtors live, the Homestake Mining Company owns a considerable amount of the land on which the houses are built. In order to protect its mineral rights, Homestake Mining Company does not sell title to that land. Nor does Homestake Mining Company usually grant leases to the land. The usual practice of Homestake is to grant licenses by which the licensees are then entitled to remain upon the property at the will of Homestake Mining Company.

It is an unusual situation, however, when Homestake exercises its right to revoke the license. This particular case is a good example of that. Debtors have held the property by license since February 15, 1966. Homestake Mining Company has not indicated any intention to revoke the license nor is it probable, in this Court's opinion, that Homestake in the near future will revoke the license.

Perhaps the most significant factor to this Court is that the Trustee believes that, if this Court denies the homestead exemption, the Trustee will be able to sell the property for a substantial amount of money by getting a new license from Homestake Mining Company. This Court would note that under the Bankruptcy Code the Trustee acquires only the legal or equitable interests that a debtor has in the property. This Bankruptcy Court will construe the South Dakota homestead exemption liberally so as to achieve the purpose behind the homestead exemption of protecting the family. In accord, this Bankruptcy Court believes that where debtors have a substantial interest in property that is capable of being subjected to the payment of debts, that this interest is sufficient to support a claim to the property for the purpose of claiming the homestead exemption.

This Bankruptcy Court will permit Debtors to claim a homestead exemption in the property that is claimed exempt.

## CONCLUSION

Debtors are entitled to claim the personal property exemptions under South Dakota law. Further, Debtors are entitled to claim the homestead exemption even though they hold the property by license.

Debtors' Counsel shall submit an Order consistent with the foregoing. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law.