# United States Bankruptcy Appellate Panel

### For the Eighth Circuit

_____

No. 12-6068

_____

In re: William NMI Paul, Jr., also known as Bill Paul, also known as Bill Paul, Jr., also known as William Paul, doing business as Vision Construction, doing business as Pauls Construction

*Debtor*

------------------------------

William NMI Paul, Jr.

*Debtor - Appellant*

v.

Forrest C. Allred

*Trustee - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of South Dakota - Rapid City

_____

Submitted: January 22, 2013
Filed: February 28, 2013

_____

Before FEDERMAN, Chief Judge, KRESSEL and SCHERMER, Bankruptcy Judges.

_____

FEDERMAN, Chief Judge.

Debtor William Paul, Jr. appeals from the Order of the Bankruptcy Court[1] granting summary judgment in favor of the Chapter 7 Trustee on his objection to the Debtor's claimed homestead exemption. For the reasons that follow, we AFFIRM.

## Factual Background

The undisputed facts are as follows: Debtor William Paul, Jr. filed a voluntary Chapter 7 Petition on May 11, 2012. He listed his address on the Petition as 126 Billings Avenue in Lead, South Dakota. The Debtor's Statement of Financial Affairs stated that he had not resided anywhere other than the Billings Avenue address for three years prepetition. Among his assets, the Debtor listed unencumbered real property located at 117 Spark Street in Lead, South Dakota, with a value of $34,290. Debtor claimed the Spark Street property fully exempt as his homestead pursuant to § 43-45-3(2) of the South Dakota Codified Laws.

Following the § 341 meeting of creditors, the Chapter 7 Trustee objected to the homestead exemption. He stated that the Debtor testified at the § 341 meeting that he has owned the Spark Street property since 1997 or 1998; that he did not live in the property on the date of filing; that he has not lived in the property for 14 or 15 years; and that he had no intent to live in the property. Further, the Debtor testified that the subject property was rented out, generating $550 per month of gross rental income, which, we note, was consistent with what was reported on Schedule I. The Debtor also testified he owns no other interests in real property. The Trustee asserted that entitlement to exemptions is determined on the date of filing and that, under South Dakota law, real property not actually occupied by the debtor on the date of filing can be claimed as an exempt homestead only if the debtor has, on the date of filing, an intention to occupy the property. Because the

---

[1] The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

Debtor testified that he had no intent to occupy the property, the Trustee asserted that he was not entitled to the homestead exemption claimed in it.

The Debtor responded. He did not dispute any of the Trustee's factual allegations, including that he was no longer living there, but contested the Trustee's statement of South Dakota homestead law, and disputed the characterization that he had "abandoned" the property as his homestead.

The Trustee then filed a motion for judgment on the pleadings, pointing out that the Debtor did not dispute the facts and that, based on those facts, the Debtor was not entitled to the homestead exemption. The Debtor responded. Again, the Debtor did not dispute the facts, but asserted that the Trustee was wrong on the law. In his response to the motion, the Debtor further stated that he was living with his new wife and child in the house his wife owned before the marriage – presumably, the Billings Avenue property. He also said that "nothing prohibits Debtor from moving out of his wife's house today and into his real estate, the only real estate Debtor owns, should that be required."

The Bankruptcy Court viewed the Debtor's acknowledgment in his response to the motion for judgment on the pleadings that he lived with his wife and child in property owned by his wife (the Billings Avenue property) as a material fact which had not been pled in either the Trustee's objection to the exemption or the Debtor's response to it and, thus, treated the Trustee's motion for judgment on the pleadings as a motion for summary judgment.[2] As such, the Court afforded the parties an opportunity to submit additional materials,[3] which neither party did. The Bankruptcy Court then granted summary judgment in favor of the Trustee and denied the homestead exemption. The Debtor appeals.

---

[2] *See* Fed. R. Civ. P. 12(d), made applicable here by Fed. R. Bankr. P. 7012.

[3] *Id*.

## Standard of Review

We review the Bankruptcy Court's grant of summary judgment *de novo*.[4] Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] The burden on the moving party "is only to demonstrate, *i.e.,* to point out . . . , that the record does not disclose a genuine dispute on a material fact."[6] The non-moving party then must set forth specific facts showing a genuine issue of material fact for trial.[7] "A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party."[8] "A court considering a motion for summary judgment must view the facts in the light

---

[4] *Peter v. Wedl*, 155 F.3d 992, 996 (8th Cir. 1998).

[5] Fed. R. Civ. P. 56(a), made applicable here by Fed. R. Bankr. P. 7056.

[6] *City of Mt. Pleasant, Iowa v. Assoc. Elec. Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988) (citation, internal quotation marks, and brackets omitted).

[7] *Dico, Inc. v. Amoco Oil Co.*, 340 F.3d 525, 529 (8th Cir. 2003). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (holding that the nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."); *Brunsting v. Lutsen Mountains Corp*, 601 F.3d 813, 820 (8th Cir. 2010) ("A mere 'scintilla of evidence' is insufficient to defeat summary judgment."); Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials. . . .").

[8] *U.S. Bank Nat'l Assoc. v. U.S. Rent a Car, Inc.*, 2011 WL 3648225 at *3 (D. Minn. Aug. 17, 2011) (not reported) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

most favorable to the non-moving party and give that party the benefit of all reasonable inferences that may be drawn from those facts."[9]

## The Homestead Exemption

"When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate . . . ."[10] "The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt."[11] Section 522 of the Bankruptcy Code provides a list of property that the debtor may exempt in a bankruptcy case. Although the general rule under the Bankruptcy Code is that a debtor is permitted to choose between the scheme of federal exemptions prescribed in § 522(d) of the Code or the exemptions available under other federal law and the law of the state in which the debtor is domiciled, states may opt out of the federal exemption scheme entirely.[12] "If a State opts out, then its debtors are limited to the exemptions provided by state law."[13] South Dakota has opted out, and so debtors in South Dakota are limited to the exemptions allowed under South Dakota law.[14]

---

[9] *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986)).

[10] *Nessan v. Lovald*, 2012 WL 6029124 at *2 (8th Cir. Dec. 5, 2012) (slip copy) (quoting *Schwab v. Reilly*, 560 U.S. ——, 130 S.Ct. 2652, 2657, 177 L.Ed.2d 234 (2010); *see also* 11 U.S.C. § 541)).

[11] *Id.* (quoting *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *see also* 11 U.S.C. § 522)).

[12] *Id.*; 11 U.S.C. § 522(b)(2).

[13] *Id.* (quoting *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)).

[14] *Id.*; S.D. Codified Laws § 43–45–13 ("[R]esidents of this state are not entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of

As relevant here, section 43-31-1 of the South Dakota Codified Laws provides:

> The homestead of every family, resident in this state, as hereinafter defined, *so long as it continues to possess the character of a homestead* is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court . . . .[15]

While the Spark Street property may have once been the Debtor's homestead, the Trustee asserts that it no longer continues to possess the character of a homestead because he left the property and has no intent to return. In *Yellowhair v. Pratt*, the South Dakota Supreme Court stated the following standard regarding abandonment of a homestead:

> The main question in all cases of this nature is the intent of the party who has ceased to occupy the homestead. No general rule can be laid down as a guide for a court in determining intent, but each case must stand upon its own facts. Actual removal without intention to return is a forfeiture of the homestead right. If one removes from homestead property without any present intention of returning, but with a mere possible, or at most probable, future purpose to do so, contingent upon the happening or not happening of a particular event, the homestead is abandoned. Long absence, while not conclusive proof of intent to abandon, is a circumstance which may indicate such an intent in absence of a showing of intent to return. The real question is: Did the party have a fixed and actual purpose or intent to return and reside on the property, and did that purpose or intent continue to exist to the time in question?[16]

---

1978. . . .").

[15] S.D. Codified Laws § 43-31-1 (emphasis added).

[16] *Yellowhair v. Pratt*, 182 N.W. 702, 704 (S.D. 1921). *See also Knittel v. G. Sommers & Co.*, 28 N.W.2d 878, 879 (S.D. 1947) (holding that the general rule is that temporary absence from the premises will not itself cause an abandonment

6

And, in *Hewitt v. Carlson*, the South Dakota Supreme Court said:

> While a party leaving a homestead must, in good faith, intend to return to it at some future date, such date need not be "fixed or definite" as to time; neither need such intent be an intent to return regardless of all possible contingencies; but, if there is an honest belief that at some time in the future the party will reoccupy the property as a home, and such party does no act inconsistent with such belief and intent, the homestead right is not forfeited.[17]

First, the Debtor points out that he has not abandoned his *ownership* of the Spark Street property, and that the Bankruptcy Court so found. However, that is not the issue here. The question is whether, despite the fact that he still owns the Spark Street property, he has abandoned – or forfeited – that property as his homestead. On that question, the Debtor does not deny that he moved from Spark Street to his wife's home years ago, lives there with his wife and child, and that he had no intent to return to the Spark Street home either at the time he moved out, or at the time he filed his Petition. His assertion that "nothing prohibits [him] from

of the homestead, but to retain the homestead exemption, one leaving the homestead must in good faith intend to return, albeit the intent to return need not be at any particular time in the future); *Hewitt v. Carlson*, 244 N.W. 108 (S.D. 1932) (holding that removal for temporary employment, with intent to return, was not abandonment); *Feucht v. Pierce*, 2006 WL 3354507 at *4 (D. S.D. Nov. 15, 2006) (not reported) (holding that debtor, who was separated from her husband, and who testified that she would only return to the marital home if her husband vacated the house or died, or if she was required to care for him or her adult son there, or if the couple reconciled, was an abandonment of the marital home as her homestead); *In re Dice*, 1997 WL 1125702 at *2 (Bankr. D. S.D. April 2, 1997) (not reported) (holding that debtor could not claim homestead in rural property which he owned but did reside and to which he indicated no intent to return).

[17] *Hewitt v. Carlson*, 244 N.W. 108, 109 (S.D. 1932) (quoting *Yellowhair v. Pratt*, 182 N.W. 702, 704 (S.D. 1921)).

moving out of his wife's house today and into his real estate, the only real estate Debtor owns, should that be required" does not state any fixed or actual purpose or intent to return and reside there. He has, therefore, abandoned the Spark Street property as his homestead.[18]

The Debtor asserts that the Bankruptcy Court's denial of his homestead exemption violates his rights under the South Dakota Constitution and statutes.[19] We do not question his assertion that the South Dakota Constitution guarantees South Dakotans' right to a homestead or that South Dakota law permits debtors to claim a homestead exemption in bankruptcy cases; rather, the question here is whether the property in which the Debtor claimed a homestead exemption was, in fact, his homestead. Under well-established South Dakota precedent, because the Debtor removed himself from the Spark Street property with no fixed or actual intent to return, it is no longer his homestead.

---

[18] Indeed, in *Yellowhair*, the Supreme Court posed a hypothetical in which the debtor remarried and moved into her new husband's home, concluding that doing so would have been an abandonment of her prior home. 182 N.W. at 704. We also note that, in South Dakota, a "family" may claim a homestead exemption, but only one homestead exemption per family is allowed. *Feucht v. Pierce*, 2006 WL 3354507 at *4 (D. S.D. Nov. 15, 2006) (not reported) (citing *In re Johnson*, 61 B.R. 858, 865 (D. S.D. 1986), and *Beck v. Lapsley*, 593 N.W.2d 410, 413 (S.D. 1999)). Clearly, the Debtor's wife could claim a homestead in the Billings Avenue property because they live there.

[19] S.D. Const. Art. XXI, § 4 ("The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws."); S.D. Codified Laws §§ 43-31-1 *et seq.,* and 43-45-3.

## Conclusion

For the foregoing reasons, the Bankruptcy Court did not err in concluding that the Debtor has abandoned the Spark Street property as his homestead and is not, therefore, permitted to claim a homestead exemption in it. The Order of the Bankruptcy Court is AFFIRMED.

———————————————