# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1747

_____

In re: William NMI Paul, Jr., also known as Bill Paul, also known as Bill Paul, Jr.,
also known as William Paul, doing business as Vision Construction, doing
business as Pauls Construction

*Debtor*

------------------------------

William NMI Paul, Jr.

*Appellant*

v.

Forrest C. Allred

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: November 18, 2013
Filed: January 13, 2014

_____

Before RILEY, Chief Judge, MELLOY and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

William Paul Jr. appeals an order of the bankruptcy court,[1] affirmed by the United States Bankruptcy Appellate Panel for the Eighth Circuit (BAP), granting summary judgment in favor of Forrest C. Allred, Paul's Chapter 7 trustee (trustee), regarding Paul's claimed homestead exemption. Having jurisdiction under 28 U.S.C. § 158(d),[2] we affirm.

## I.    BACKGROUND[3]

On May 11, 2012, Paul filed a voluntary petition for Chapter 7 bankruptcy. Among his assets, Paul listed real property located at 117 Spark Street, Lead, South Dakota (Spark Street property), which he claimed was exempt from his bankruptcy estate under South Dakota's homestead exemption. See S.D. Codified Laws § 43-45-3. In the petition, Paul listed his new wife's house as his address.

On June 28, 2012, the trustee conducted a meeting of the creditors pursuant to 11 U.S.C. § 341(a) and (d), where Paul testified to the following. Some time in 1997 or 1998, Paul purchased the Spark Street property. Paul lived at the Spark Street property for a period, but moved out fourteen or fifteen years ago. Since then, Paul

---

[1]The Honorable Charles L. Nail Jr., United States Bankruptcy Judge for the District of South Dakota.

[2]An order resolving a significant homestead exemption issue is a core proceeding order, see 28 U.S.C. § 157(b)(2)(B), which "is immediately appealable under 28 U.S.C. § 158(d)." In re Walters, 675 F.3d 1142, 1144 (8th Cir. 2012).

[3]The facts appear to be undisputed. Although the record does not contain a complete transcript of the 11 U.S.C. § 341 meeting of creditors, Paul has not disputed the facts alleged in the trustee's initial objection in the bankruptcy court and has not disputed the pertinent facts before the BAP or this court.

has rented the Spark Street property. And at the time of the § 341 meeting, Paul did not intend to resume living at the Spark Street property.[4]

Soon after the meeting, the trustee filed an objection claiming South Dakota's homestead exemption did not cover the Spark Street property, because Paul's statements at the meeting showed he did not intend to live there at any point in the future. Paul challenged the trustee's characterization of South Dakota law by declaring Paul "has the right to choose his homestead from real property owned in . . . South Dakota." The trustee moved for judgment on the pleadings. Leaving the trustee's characterization of Paul's intent unchallenged, Paul's opposition brief argued both the South Dakota statute and constitution mandated the exemption, regardless of Paul's intent. The bankruptcy court converted the trustee's motion to a motion for summary judgment and, after giving the parties time to submit additional filings, granted the trustee's converted motion and entered summary judgment. The bankruptcy court reasoned the homestead exemption was inapplicable where Paul had no "present intent to return to" the Spark Street property and where he and his family had "made their home elsewhere and had no intent to move."

Paul appealed to the BAP, where he rephrased his legal arguments and again left the underlying facts undisturbed. The BAP affirmed the bankruptcy court's decision, concluding the Spark Street property could not be a homestead without Paul having the "actual intent to return" and reside there and thus was unprotected by either South Dakota's statutory bankruptcy exemption or its constitution. Paul timely appealed to this court.

---

[4]Trustee: "Do you intend to live [at the Spark Street property] in the future?" Paul: "Probably not, . . . unless something happens at home."

-3-

## II.     DISCUSSION

"Our review of the bankruptcy court's entry of summary judgment is de novo. Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." In re Porter, 539 F.3d 889, 893 (8th Cir. 2008) (internal citation omitted); see also Fed. R. Civ. P. 56(a) (amended 2010). "[W]e view the record in the light most favorable to the nonmoving party and afford that party all reasonable inferences," but to demonstrate a genuine dispute of material fact, the nonmovant must produce more than "a mere 'scintilla of evidence' in support of his position." In re Patch, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

Paul claims South Dakota's homestead exemption protects his Spark Street property from being included in his bankruptcy estate. See S.D. Codified Laws § 43-45-3. "[T]he scope of the claim[ed exemption] is determined by state law." Hanson v. First Nat'l Bank in Brookings, 848 F.2d 866, 868 (8th Cir. 1988). South Dakota law "absolutely exempt[s]" a debtor's homestead from the debtor's bankruptcy estate. S.D. Codified Laws § 43-45-3. But a family's homestead is only exempt as "long as it continues to possess the character of a homestead." S.D. Codified Laws § 43-31-1; see also id. § 43-45-3(1) (defining the scope of the exemption by referring to Chapter 43-31 of South Dakota's Codified Laws).

### A.     Intent to Return

Assuming the Spark Street property was once Paul's homestead, the trustee contends the Spark Street property lost the character of a homestead when Paul moved out without maintaining an intent to return. Paul proposes South Dakota law requires neither occupation nor intent to return in order for a property to qualify as a homestead and he is entitled to the exemption because (1) he "has reserved the right to return to the Spark[] Street" property should his recent marriage encounter difficulties, (2) "nothing prohibits Paul from moving out of his wife's house today

-4-

and into" the Spark Street property,[5] and (3) "the act of marriage does not deprive a party of the rights he or she enjoyed as a single person."

In large part, Paul's propositions appear to suffer from the misconception that ownership of a house automatically entails a "right" to its characterization as a homestead. On the contrary,

> [t]he homestead right consists of the "right of occupancy" and "when the need for protection for the family ceases, then there is no longer any reason for the homestead. The homestead exemption is therefore temporary and exists only so long as the conditions prevail under which it was allowed by the homestead law."

Feucht v. Pierce, 06 4080, 05 41178, 2006 WL 3354507, at *4 (D.S.D. Nov. 15, 2006) (quoting In re Clouse's Estate, 257 N.W. 106, 108 (S.D. 1934)), aff'd, 280 F. App'x 553 (8th Cir. 2008) (per curiam). "The main question" under South Dakota law "is the intent of the party who has ceased to occupy the homestead." Yellowhair v. Pratt, 182 N.W. 702, 703 (S.D. 1921); accord Feucht, 2006 WL 3354507, at *4. "Actual removal without intention to return is a forfeiture of the homestead right." Yellowhair, 182 N.W. at 703; accord Knittel v. G. Sommers & Co., 28 N.W.2d 878, 878-79 (S.D. 1947). The date of return need not be "'fixed or definite,'" and the debtor need not intend "'to return regardless of all possible contingencies.'" Hewitt v. Carlson, 244 N.W. 108, 109 (S.D. 1932) (quoting Yellowhair, 182 N.W. at 704); accord Feucht, 2006 WL 3354507, at *4. Still, there must be "'an honest belief that at some time in the future the party will reoccupy the property as a home.'" Hewitt, 244 N.W. at 109 (quoting Yellowhair, 182 N.W. at 704). And it is not enough that the intent to return is "a mere possible, or at most probable, future purpose to do so,

---

[5]Paul apparently assumes any renters living at the Spark Street property would not object to him reoccupying the property.

contingent upon the happening or not happening of a particular event." Yellowhair, 182 N.W. at 703; accord Feucht, 2006 WL 3354507, at *4.

Paul never asserted an intent to move back into the Spark Street property nor has he refuted his statement at the § 341 meeting that he did not expect to live at the Spark Street property at any point in the future.[6] Without some genuine dispute of fact on this point, summary judgment is warranted.

## B. Constitutional Violation

Paul also argues that denying his homestead exemption violates Article XXI, § 4 of the South Dakota Constitution, which protects against the "forced sale" of a person's "homestead." S.D. Const. art. XXI, § 4. We agree with the BAP's response to this argument:

> We do not question [Paul's] assertion that the South Dakota Constitution guarantees South Dakotans' right to a homestead or that South Dakota law permits debtors to claim a homestead exemption in bankruptcy cases; rather, the question here is whether the property in which [Paul] claimed a homestead exemption was, in fact, his homestead. Under well-established South Dakota precedent, because [Paul] removed himself from the Spark Street property with no fixed or actual intent to return, it is no longer his homestead.

_____

[6]The closest Paul comes to arguing intent is his assertion that he has "reserved the right to return to the Spark[] Street [property] should difficulties occur in [his] short marriage." This assertion that he _could_ move back to Spark Street in no way indicates that he _intends_ to return. Even construing this argument as an assertion of intent, it would amount to nothing more than "a mere possible . . . future purpose" to live at the Spark Street property, which is "contingent upon" the possibility of marital strife. Yellowhair, 182 N.W. at 703. This is conjecture and not an earnest intent to return under South Dakota law. See id. at 703-04.

## III. CONCLUSION

For the reasons stated above, we affirm.

_____