PETER MINTENER LUMBER COMPANY, Respondent, v. JANISCH, et al., (JAMES VALLEY BANK, Appellant.)

(181 N. W. 914.)

(File No. 4805.   Opinion filed March 21, 1921.)

1. **Liens—Judgment Lien on Excess Value of Homestead, Attaches When.**

    A judgment lien attaches to the excess of a homestead from the date of its docketing.

2. **Liens—Mortgage on Homestead, Judgment Lien On, Mechanic's Lien On, Ranking Order Of, Time As Basis—Statute**

    Where no statutory provision exists giving a subsequent mortgage on a homestead priority over an existing judgment lien, or mechanic's lien, the rule at common law is that a prior lien gives prior legal right entitling lien holder to prior satis- faction out of the subject of the lien, unless the latter is in- trinsically defective or be displaced by some act of the lien holder which shall postpone him in law or equity to a subse- quent claimant.   Therefore, held, that trial court properly gave priority to three liens as follows: a mechanic's lien for mater- ials used in construction of dwelling house on homestead as of date when it became effective by filing thereof; a judgment lien thereon as of date of docketing thereof; and a mortgage as of a later date of docketing thereof; and a mortgage thereon as of its still later date.

3. **Fees—Attorneys' Fees Re Mechanic's Lien Foreclosure, Rule Re Amount of Lien—Costs—Statute.**

    Under Sec. 1655, Code 1919, providing that on foreclosure of a mechanic's lien judgment shall be given in favor of each lien holder for amount demanded and proved "with costs and disbursements to be fixed by the court," which shall not be included in the lien of any other party, held, that an attorney's fee of $200, not being objected to as unjust or unreasonable, was properly adjudged in favor of such foreclosing lien holder; he being the only party entitled to costs.

4. **Mechanic's Lien—Lien Versus Mortgage Lien on Excess of Home- stead Exemption—Whether Prior Lien or Must Pay Mortgage to Stop Interest Thereon—Mortgagee's Right to Pay Prior Liens, Effect Re Subrogation.**

    The holder of a prior mechanic's lien upon the excess of homestead exemption right, is not bound to pay a subsequent mortgage and to stop the running of interest on latter, no rule of law or equity requiring such act; on the contrary, a subse- quent mortgagee could, by paying off a prior mechanic's lien

or judgment become subrogated to all rights of said prior lien holders, and thus stop running of interest thereon.

5.  **Appeal—Error—Priority of Liens—Non-Appellant, Non-Right of To Question Judgment.**

   A judgment lienholder upon a homestead, who is respondent on an appeal by a subsequent mortgagee, may not raise the question of tenability of the judgment wherein it gave priority to the entire amount of a mechanic's lien over his judgment.

Appeal from Circuit Court, Beadle County. HON. ALVA E. TAYLOR, Judge.

Action by Peter Mintener Lumber Company, a corporation, against Gustav Janisch and others, to enforce a mechanic's lien upon a homestead. From a judgment for plaintiff, and from an order denying a new trial, defendant James Valley Bank appeals. Affirmed.

*A. W. Wilmarth,* for Appellant.

*Gardner & Churchill,* for Respondent Peter Mintener Lumber Company.

*O. S. Hagen,* for Respondent Peter Janisch.

(1)  To point one of the opinion, Respondent Peter Janisch, cited: Keim v. Rand, 37 S. D. 408.

(3)  To point three, Respondent Peter Mintener Lumber Company cited: Schmoll v. Lucht (Minn.), 118 N. W. 555.

SMITH, J.  The following facts appearing in the record are material to a determination of the question presented on this appeal:

Gustav Janisch was the owner of a quarter section of land in Beadle county, of the approximate value of $14,000, which was used and occupied as a homestead. On August 15, 1917, for a sufficient consideration, August Janisch executed and delivered to the James Valley Bank a note for $5,000, bearing interest at the rate of 10 per cent. per annum, which was secured by a mortgage duly executed by himself and his wife, on October 31, 1917, on their said homestead, which mortgage was filed and recorded on November 1, 1917. On September 19, 1917, Peter Janisch recovered a judgment against Gustav Janisch for $3,305.70, which was duly docketed on that day. The plaintiff brought the present action to foreclose a mechanic's lien for lumber and building material used in the construction of the dwelling house on said homestead, which material was of the value of $2,436.36, which lien when filed be-

came effective as of September 6, 1917. Pending this action all parties interested entered into a stipulation that the homestead property should be sold for some $15,300, without waiver of the homestead right or the rights of other parties, out of which was to be paid a first mortgage of $3,000 on the homestead, the remaining proceeds to be deposited in the James Valley Bank to be held in trust until a determination by the circuit court of the priority of the several liens of the James Valley Bank, mortgagee, Peter Janisch, judgment creditor, and Peter Mintener Lumber Company, and the fund distributed by the judgment to be entered.

The trial court adjudged the liens in order of priority to be as follows: Peter Mintener Lumber Company, mechanic's lien of September 6, 1917, first; Peter Janisch, judgment lien of September 19, 1917, second; James Valley Bank, mortgage lien of October 31, 1917, third. The James Valley Bank appeals, claiming priority over both the mechanic's and judgment liens.

It is conceded that the excess value of the homestead above the statutory exemption of $5,000 is the property involved in this controversy, and the main question discussed in appellant's brief is whether appellant's mortgage lien must be held subordinate to the judgment and mechanic's liens, by reason of the fact that the mortgage was executed, filed, and recorded after the other liens had attached, and without actual notice by the other two lienholders. There is no controversy as to $5,000 of the fund, which represents the value of the homestead; the mortgage being the only lien against it. But the mortgage, together with the accrued interest thereon, exceeds the $5,000 homestead fund, and the question sought to be raised by the mortgagee is whether the accumulated interest due on the mortgage takes precedence over the judgment and mechanic's liens upon the balance of the fund which represents the excess value of the homestead.

[1] So far as this appeal is concerned, the date of the recording of the mortgage is immaterial. A judgment lien attaches to the excess value of a homestead from the date of its docketing. Keim v. Rand, 37 S. D. 408, 158 N. W. 904. The Peter Janisch judgment therefore became a lien upon the surplus fund on September 19, 1917. The trial court further found and adjudged that the mechanic's lien became effective on September 6, 1917, and from this adjudication there has been no appeal.

[2] No statutory provision exists giving a subsequent mortgage upon a homestead priority over an existing judgment lien, or mechanic's lien, and, in the absence of such statutory provision—

"it may be regarded as a universal principle that a prior lien gives a prior legal right which is entitled to prior satisfaction out of the subject it binds, unless the lien is intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a court of law or equity to a subsequent claimant. * * * In the absence of statutory regulation the common law establishes liens in the order of their acquisition, the first in order of time standing first in order of rank." 17 R. C. L. 610, § 19; section 1536, Code 1919.

It is manifest, therefore, that the trial court was correct in its adjudication as to the priority of these several liens.

[3] Appellant further contends that the trial court erred in allowing plaintiff an attorney's fee of $200 in the action to foreclose the mechanic's lien. Section 1655, Code 1919, so far as material here, declares that—

"Judgment shall be given in favor of each lienholder for the amount demanded and proved by him, with costs and disbursements to be fixed by the court at the trial, and such amount shall not be included in the lien of any other party." etc.

No contention is made that the amount of attorney's fees allowed is unjust or unreasonable, the sole contention being that the statute above quoted does not authorize the taxing of an attorney's fee as part of the costs in an action for the foreclosure of a mechanic's lien. It will be observed that the statute providing for foreclosure of mechanic's liens requires all other lienholders to be made parties to the action; that the rights of all such lienholders shall be adjudicated and established in a single action; and that the statute above quoted provides that only the party who brings the action is entitled to costs, and that costs shall not be included in the judgment establishing the liens of any other parties to the action. In other words, a mechanic's lien holder who brings the action is the only party entitled to costs. The precise question here involved, under a statute identical with our own, has been fully considered and decided by the Supreme Court of Minnesota in the following cases, and we concur in

the conclusion reached by that court. We hold that under section 1655, Code 1919, a reasonable attorney fee may be taxed as a part of the costs in actions to foreclose mechanic's liens. Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555; Anderson v. Donahue 116 Minn. 380, 133 N. W. 975; Lindquist v. Young, 119 Minn. 219, 138 N. W. 28; Behrens v. Kruse, 121 Minn. 90, 140 N. W. 339. See, also, Wisniewski v. Nawrocki, 153 Mich. 523, 116 N. W. 1065.

[4] Appellant further contends that the judgment creditor or mechanic's lien holder could have levied upon and sold the entire homestead premises upon paying the $5,000 homestead exemption to the bank, and that if either had exercised this right promptly appellant bank would have received its money in full; that neither could sit idly by and allow interest to accumulate on the mortgage, without being guilty of laches which would subordinate their respective liens to appellant's mortgage lien. Counsel cites no authorities to sustain this contention, and we know of no rule of law or equity which requires a prior lienholder to enforce his lien for the benefit of subsequent lienholders. On the contrary, appellant had the legal right to pay off the prior judgment and mechanic's liens and become subrogated to all the rights of the judgment creditor and mechanic's lien holder, and thus stop the accumulation of interest on the judgment.

[5] The defendant Peter Janisch, here only as respondent, attempts to urge that the trial court erred in giving priority to the entire amount of the mechanic's lien over his judgment (only $447.60 worth of lumber and material having been furnished prior to the docketing of his judgment, the remaining $2,000 worth having been thereafter furnished); the contention being that only the amount of material furnished prior to the docketing of the judgment should receive such priority. Peter Janisch has not appealed from the judgment, and the question he seeks to raise is not before us.

The order and judgment of the trial court are affirmed.