268

## In re ROHL.
## ROHL v. McCULLOUGH.

Circuit Court of Appeals, Eighth Circuit.
July 23, 1929.

No. 8279.

Robert F. Riemer, of Sioux Falls, S. D., for appellant.

Lyon, Bradford & Grigsby, of Sioux Falls, S. D., for appellee.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

COTTERAL, Circuit Judge. The appellant complains on this appeal that he was denied the selection and enjoyment of a homestead exemption in bankruptcy. He was adjudged a voluntary bankrupt on April 12, 1924. In his schedule, he designated as an exemption some thirty blocks, each comprising 2½ acres, owned by his wife, located in Oakwood Park addition to Sioux Falls, S. D., but not within that city. The dwelling and other improvements of the family are located on two of these blocks—5 and 6—and on 11 and 12 not listed above, and will be termed the "home tract," and the other blocks "additional land." The "home tract" had long been owned by appellant's wife. He acquired the "additional land" from time to time, and on December 20, 1921, conveyed it to her. Against all of the property there was a mortgage of $3,500. Shortly before bankruptcy, two local banks levied attachments against the "additional land," in actions upon notes of the bankrupt.

The trustee in his first report declined to set apart a homestead to the bankrupt, because his claim included land in addition to the family homestead of a value in excess of $5,000, the said conveyance was made to defraud creditors, and he (the trustee) intended to bring an action to set it aside and to contest the bankrupt's claim to that property as a homestead.

Pursuant to order of the referee, the trustee brought the action in the circuit court of Minnehaha county, S. D., against the bankrupt and his wife, alleging that the conveyance to her was made without consideration and with the intent to defraud his creditors, and was accepted by her with knowledge of the fact and the like intent. The bankrupt and his wife filed separate answers. In addition to a general denial, he claimed that the conveyance was made for a valuable consideration, that she immediately accepted and took possession of that land and put valuable improvements upon it, that it had been occupied for many years by him and his family as a homestead, that his wife furnished blocks 5 and 6 as a part of it, and that he as head of the family claimed the equity over the mortgage in the property as a homestead under the state law. The wife answered, claiming she bought the "home tract" with her money and with her husband and family has occupied it and the "additional land" as and for their homestead. She denied the conveyance was fraudulent, alleged that he purchased the land he conveyed with money he earned and borrowed from her; that solely to secure a loan for $3,500, by means

of the mortgage, to take up debts and liens against the land, she conveyed the "home tract" to him; that the "additional land" is not worth more than $8,500; that it is incumbered by mortgage, interest and taxes for more than $3,750; that he conveyed the "additional land" to her on December 20, 1921, for a valuable consideration, and since that date she has held the title to and claimed the same as the family homestead.

The suit proceeded to final decree without objection to the jurisdiction of the court. The conveyance of the "additional land" was decreed to be without consideration and fraudulent and void as against the trustee, and to have left the bankrupt insolvent. All the land was found to be claimed by the wife as a homestead, and the "home tract" to be worth $2,750, the "additional land" $12,687.50, and the equity in both (exclusive of the mortgage for $3,-500), $11,937.50. The decree, which has become final, directed that, if the defendants should pay the plaintiff, within 60 days, $6,937.50, the title to the "additional land" should be quieted in the wife, but, failing in that, title thereto be vested in the trustee upon payment to her of $2,250, and the satisfaction of the mortgage.

Thereafter the bankrupt filed a second claim to a homestead exemption. He asserted that the trustee had failed to set apart a homestead in the property. He recited the state court proceedings and decree, and, in view of the alleged finding that the land was worth $175 an acre, and out of the excess over the state limitation, he made a second selection of a homestead as the head of a family, of blocks 5 and 6 of the "home tract," eight other blocks and the north quarter of block 23 all a part of the "additional land" comprising about 25 acres, of a value not exceeding $5,000, as decreed by the state court, and further four other blocks and the south three quarters of sixteen other blocks, all of the "additional land," aggregating about 50 acres, worth, as fixed by the decree of the state court, $8,750. And a demand was included that the trustee sell sufficient of the property to satisfy the mortgage and set apart the remainder as the bankrupt's homestead.

The trustee filed a supplemental report of exempt property setting out the proceedings and decree of the state court, reciting he had paid the said mortgage debt then amounting to $3,912.26, tendered to the wife of the bankrupt $2,250, and taken possession of the property, and claiming he was without authority to assign an addi-

tional or a different homestead, and the bankrupt was estopped to claim the same; wherefore the trustee reported and recommended that the "home tract" and $2,250 be set apart to the bankrupt as the homestead of himself and family. To this report the bankrupt filed elaborate exceptions. He asserted the state court had only jurisdiction to fix the value of the property and determine whether it was occupied as a homestead, and that the bankruptcy court had the sole power to determine the homestead exemption, he also had the sole right of selection, and he had made it of exempt property, after disturbance of his first choice by the trustee. He refused to accept a part of it in cash and a part in real property, etc., and he explicitly refused to accept as a part of the homestead blocks 11 and 12 of the "home tract," which were the separate property of his wife and of the decreed value of $1,375.

On the hearing of the exceptions, the referee ruled the sole authority to set off a homestead to the bankrupt belonged to the federal court; that the state court had not acted in that regard; that the conveyance, while fraudulent as to creditors, was valid against the bankrupt; and that the state court determined the rights of the wife in the property only; that he had none except to occupy the premises with her; and that property of a total valuation of $5,000 was set apart to her. After further findings were made in detail, the referee concluded that the family had thus received one homestead and the bankrupt was not entitled to another. The exceptions were overruled, the bankrupt was denied the second exemption claimed, and the trustee was ordered to carry out the decree of the state court and make payment of $2,250 to the wife of the bankrupt. On review, the district court affirmed that order.

The bankrupt appeals, and assigns as error: (1) That the district court denied him the right of selection of a homestead and substituted another without his consent and against his objection; (2) that the state court determined his homestead right, whereas the federal District Court alone has jurisdiction so to do; and (3) that the state laws entitle him to his homestead whether the title is vested in him or his wife, and the order of the district court in effect deprives him and his family of their homestead under those laws.

By section 6 of the Bankruptcy Act (11 USCA § 24), a homestead exemption is allowed to a bankrupt as provided by state

laws. The laws of South Dakota authorize a homestead exemption to a family of one acre within a town plat and 160 acres not within such plat, up to a valuation of $5,000. Sections 449, 459, 2658, South Dakota Revised Code 1919. A conveyance of a homestead within that limitation is not fraudulent as to creditors. Peck v. Peck, 51 S. D. 157, 212 N. W. 872. But above the limitation and valid incumbrances it is subject to judgment lien and sale on execution. Keim v. Rand, 37 S. D. 408, 158 N. W. 904. The trustee therefore properly brought the suit in the state court, in order that the conveyance by the bankrupt of the excess homestead interest might be avoided and his title vested in the trustee as his successor by virtue of section 70a of the Bankruptcy Act (11 USCA § 110(a). The conditions annexed to the recovery of title were such as to leave to the wife of the bankrupt a homestead to the extent of $5,000, as provided by state law.

Concededly, the exemptions of the bankrupt were determinable only in the bankruptcy proceeding, and the decree of the state court could not be effective in that regard. But we perceive no reason why it might not adjudicate the right of the wife to a homestead where she is the owner of the property as against any claim of the bankrupt. In this way the exemption is saved and the rights of the husband are fully protected, as by state law the family is entitled to the benefit of it. Section 449, S. D. Rev. Code 1919; Yellow-Hair v. Pratt, 41 S. D. 190, 169 N. W. 515.

The record presents a case where there was a final adjudication by the state court that the wife of the bankrupt has had a homestead set apart to her, the owner of the property, for the use of the family residing together upon it, and the husband was a party to the suit. We regard this as conclusive upon his claim to a second selection of different property owned by her as a homestead, because his right was exhausted by the allotment to her in a contest with creditors. Had there been no such adjudication, his right to the selection through the proceedings in bankruptcy would not be open to question. He is necessarily in the position of asking the federal court to grant him more than the state laws allow as an exemption—an additional selection out of her property, when she holds a full exemption therein, and his right is limited to occupancy of it with her. But the Bankruptcy Act restricts him to the privilege enjoyed under those laws. Beyond this, the property is subject to the demands of his creditors.

The order of the district court is accordingly affirmed.