In re William A. BORMES, dba Self-Employed Physician, fdba Bormes Professional Assn., and Karol June Bormes, Debtors.

William J. PFEIFFER, Trustee in Bankruptcy, Plaintiff,

v.

William Alfred BORMES, Karol June Bormes, National Equipment Rental, Ltd., Charles Rick Johnson, Wally Eklund, David V. Vrooman, United States of America, and First National Bank of Aberdeen, Defendants.

Bankruptcy No. 180–00038.

Adv. No. 181–0003.

United States Bankruptcy Court,
D. South Dakota.

Oct. 19, 1981.

William J. Pfeiffer, pro se.

Dennis Maloney, Maloney, Kolker, Fritz, Hogan & Johnson, Aberdeen, S. D., for defendants Bormes.

James M. Cremer, Bantz, Gosch & Cremer, Aberdeen, S. D., for defendants National Equipment, Johnson, and Eklund.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

William A. Bormes and Karol June Bormes, hereinafter Debtors, have filed an order for relief in a Chapter 7 bankruptcy. As part of Debtors' bankruptcy, William J. Pfeiffer, hereinafter Trustee, has filed a complaint against the above-captioned Defendants requesting the Court to: a) confirm a sale of real property free and clear of liens to Debtors; b) order taxes, liens, judgments, and encumbrances on the real property be transferred to the proceeds of sale; c) provide the lienholders and priority creditors be paid in accordance with priority to which they are entitled by the applicable laws; and d) other legal and equitable relief as may be appropriate.

In responsive pleadings, Charles Rick Johnson, Wally Eklund, and National Equipment Rental, Ltd., hereinafter Defendants, agree that sale of the real property free and clear of liens should be confirmed and the Court order taxes, liens, judgments, and encumbrances on the real property be transferred to the proceeds of sale. Defendants disagree on the priority to which they are to be paid.

This Court held a trial on Trustee's complaint and took the matter under advisement. This Bankruptcy Court makes the following Memorandum Decision based upon pleadings, evidence, and memorandums of law submitted by the Parties to this adversary matter.

## FINDINGS OF FACT

On December 1, 1977, Charles Rick Johnson and Wally Eklund obtained a judgment and docketed it in Brown County against William A. Bormes for $2,000.00. On June 10, 1977, National Equipment Rental, Ltd., obtained a judgment in United States District Court for the Eastern District of New York against Debtors for $139,176.11. This judgment was docketed with the Brown County Clerk of Courts on July 13, 1978.

Thereafter, on June 2, 1980, Debtors filed a bankruptcy petition. A major asset of the bankruptcy estate is Debtors' residence. In the course of administering the bankruptcy estate, Trustee, by notice, sold to Debtors his net equity in the residence for $41,419.06.

On January 21, 1981, the Internal Revenue Service, hereinafter I.R.S., an agency of the United States Government, filed a federal tax lien with the Brown County Register of Deeds against Debtors' residential property for $45,321.97.

At the trial on Trustee's complaint on February 11, 1981, this Bankruptcy Court held the I.R.S. in default because they did not make a timely answer or make an appearance. This Court further held a federal tax lien for $93,540.08, filed with the Brown County Register of Deeds on June 19, 1979, does not constitute a valid lien against the residential property since the tax obligation is a debt of the Bormes Professional Association.

## DEBTORS' ARGUMENTS

1. Defendants are no longer entitled to claim a priority status for entitlement to proceeds from sale of Debtors' residence because Debtors have been discharged in bankruptcy from any judgment entered in any other court.

2. The time for determining lien priorities has passed because Trustee did not file objections to any claim of Defendants prior to sale of Debtors' residence.

3. Defendants' judgments cannot attach to any excess over the homestead exemption.

4. The proceeds from sale of Debtors' residence should be applied to the I.R.S. lien.

## DEFENDANTS' ARGUMENTS

1. The judicial liens of Defendants take precedence over the I.R.S. lien because they were recorded prior to the I.R.S. lien.

2. The judicial liens of Defendants attach to the value of the homestead property which exceeds the $30,000.00 homestead exemption.

3. Defendants Johnson and Eklund are entitled to interest because their claim is secured by property, the value of which is greater than the amount of their claim.

## ISSUES

1. Whether the prior recorded liens of Defendants take precedence over the I.R.S. lien unrecorded on the date of filing bankruptcy.

2. Whether the judicial liens of Defendants attach to the value of the homestead which exceeds the $30,000.00 homestead exemption.

## ISSUE—1

The first issue to be resolved is whether the prior recorded liens of Defendants take precedence over the I.R.S. lien unrecorded on the date of filing bankruptcy.

■ In bankruptcy, state law determines the priority of competing liens. S.D.C.L. 43–28–17 provides the priority of competing liens to real property is determined by the date the lien is first duly recorded. S.D.C.L. 15–16–7 provides the date a judgment becomes a lien on real property is when the judgment is docketed with a clerk of the circuit court in the county where the land is located. 26 U.S.C. § 6323(f) provides that a federal tax lien be filed with the Register of Deeds in the county where the property is located.

The judgment of Johnson and Eklund was docketed and became a lien on Debtors' residential property on December 1, 1977. The judgment of National Equipment Rental, Ltd., was docketed and became a lien on Debtors' residential property on July 13, 1978. The I.R.S. lien was filed after the judicial liens of Defendants.

■ In light of the foregoing statutes and facts, this Bankruptcy Court holds that South Dakota law mandates the prior recorded liens of Defendants take precedence over the I.R.S. lien unrecorded on the date of bankruptcy.

## ISSUE—2

The second issue to be dealt with is whether Defendants' judicial liens attach to the value of Debtors' homestead which exceeds the $30,000.00 homestead exemption.

■ The availability, nature, and extent of the homestead exemption available to a South Dakota debtor in bankruptcy is determined by South Dakota law. S.D.C.L. 43–45–3 provides:

"A homestead:

(1) As defined and limited in chapter 43–31, is absolutely exempt;

or

(2) In the event such homestead is sold under the provisions of chapter 21–19, or is sold by the owner voluntarily, the proceeds of such sale, not exceeding the sum of thirty thousand dollars, is absolutely exempt for a period of one year after the receipt of such proceeds by the owner. Such exemption shall not be limited to thirty thousand dollars for a homestead of a person seventy years of age or older or the unremarried surviving spouse of such person so long as it continues to possess the character of a homestead."

In *Peter Mintener Lumber Co. v. Janisch,* 44 S.D. 42, 181 N.W. 914, 915 (S.D.1921), the Supreme Court of South Dakota reaffirmed *Keim v. Rand,* 37 S.D. 408, 158 N.W. 904 (S.D.1916), and held:

"A judgement lien attaches to the excess value of a homestead from the date of docketing."

■ In light of the foregoing South Dakota Supreme Court decision and homestead statute, this Bankruptcy Court holds that judicial liens properly docketed attach to the value of the homestead which exceeds the $30,000.00 homestead exemption, according to their priority in recording, when a Chapter 7 trustee sells a debtor's homestead property pursuant to his duties to marshall assets of the bankruptcy estate.

■ Defendants Johnson and Eklund contend they are entitled to interest because their claim is secured by property, the value of which is greater than the amount of their claim. Johnson and Eklund claim $2,000.00. The balance for distribution is $41,419.06. 11 U.S.C. § 506(b) provides:

"To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement which such claim arose."

This Bankruptcy Court holds that Defendants Johnson and Eklund are entitled to interest on their claim under 11 U.S.C. § 507(b) because their claim is secured by property, the value of which is greater than the amount of their claim. If the agreement between Debtors and Defendants Johnson and Eklund provided for attorneys fees or costs, this Court would consider awarding them upon application under 11 U.S.C. § 507(b). Otherwise, proceeds from the sale of Debtors' residence should be distributed as follows:

| | | |
|---|---|---|
| 1. First National Bank of Aberdeen. | | $ 8,080.94 |
| 2. Homestead Exemption . . . . . . | | 30,000.00 |
| 3. Johnson and Eklund Judgment . . | $2,000.00 | |
| a. Interest at 10% from 12–1–77 to 6–30–80 . . . . . | 516.66 | |
| b. Interest at 12% from 7–1–80 to 10–22–80 . . . . . | 74.96 | |
| | | 2,591.62 |
| TOTAL SALE PROCEEDS . . . | | 38,827.44 |
| | | $79,500.00 |

Debtors contend that Defendants are no longer entitled to claim a priority status for entitlement to proceeds from sale of Debtors' residence because Debtors have been discharged in bankruptcy from any judgment entered in any other court.

■ This Bankruptcy Court holds that Debtors' contention is incorrect because the effect of the discharge under 11 U.S.C. § 524(a) is only to the "personal liability of the Debtor", not to property of the estate from which debts may be satisfied. Debtors' Chapter 7 is an asset case; therefore unsecured creditors can stand in line to satisfy their judgments from the assets.

Debtors also contend the time for determining lien priorities has passed because Trustee did not file objections to any claim of Defendants prior to sale of Debtors' residence.

■ This Bankruptcy Court holds that Debtors' contention is mistaken. The effect of Trustee's sale is that the real property is sold free and clear of liens and the liens are transferred to the proceeds of the sale pursuant to 11 U.S.C. § 363(h).

### CONCLUSION

1. In bankruptcy, state law governs the priority of competing liens. In this case Defendants Johnson, Eklund, and National Equipment Rental, Ltd., take precedence over the I.R.S. lien because they recorded and docketed their judgments first.

2. Defendants' judicial liens attach to the value of Debtors' homestead which exceeds the $30,000.00 homestead exemption.

The foregoing shall constitute Findings of Fact and Conclusions of Law, and Attorney Cremer shall submit an order consistent with this Memorandum Decision.