**In re Jessie Joyce HUGHES,**

**and**

**Carroll Lee Hughes, Debtors.**

**Bankruptcy No. 99–40302.**

United States Bankruptcy Court,
D. South Dakota,
Southern Division.

Oct. 18, 1999.

See also 244 B.R. 448.

Douglas P. Cummings, Jr., East River Legal Services, Sioux Falls, SD, for Debtors.

Bruce J. Gering, Office of the U.S. Trustee, Sioux Falls, SD, for Trustee.

MEMORANDUM OF DECISION RE: TRUSTEE'S OBJECTION TO DEBTORS' HOMESTEAD EXEMPTION CLAIM

IRVIN N. HOYT, Chief Judge.

The matter before the Court is the Trustee's June 3, 1999 objection to Debt-

ors' claimed homestead exemption and Debtors' response. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Memorandum of Decision and accompanying Order shall constitute the Court's findings and conclusions under F.R.Bankr.P. 7052(a). As set forth below, the Court will sustain the Trustee's objection. Debtors have failed to meet their burden of proving that any reliance on S.D.C.L. § 21–19–2 by the Trustee to sell their homestead is unconstitutional.

### I.

Jessie J. and Carroll L. Hughes (Debtors) filed a Chapter 7. In their schedules, Debtors stated they owned a home valued at $30,000. The home did not have any encumbrances against it. Debtors declared this home exempt under S.D.C.L. §§ 43–31–1, –2, –3, and –4 and 43–45–3. They valued this homestead exemption at $30,000.

Chapter 7 Trustee John S. Lovald objected to Debtors' claimed homestead exemption. He argued that Debtors' home was worth $40,000 and that Debtors thus exceeded their allowed homestead exemption by $10,000. Debtors responded that their home is absolutely exempt because it still maintains the character of a homestead and because they have no present intent to discontinue its occupancy as a homestead.

Before the scheduled hearing on the Trustee's objection, the Court requested from counsel cites of the statutes and case law on which each party intended to rely. Debtors stated that they intended to argue that S.D.C.L. § 21–19–2

> violates the South Dakota and U.S. Constitutions in that it allows the sale of absolutely exempt property without due process (pre-judgment) and, in the alternative, it violates the equal protection clause of both Constitutions by allowing a forced sale of absolutely exempt homestead property while not allowing the sale of other exempt property.

. . . . .

> [S]ince homesteads are not subject to judicial liens or judicial sales, and sale of a homestead can only be made upon execution and levy after receiving a judgment or after receiving a judgment of foreclosure, SDCL 21–19–2 cannot be used to forcibly sell a homestead for purposes of collecting a judgment. If SDCL 21–19–2 is interpreted to allow forced sales of a homestead without execution or judgment, then it should be viewed as a pre-judgment taking in violation of the Debtor[s'] right to due process. Therefore, SDCL 21–19–2 cannot be used to invoke the trustee's rights to claim the debtor's homestead as part of the bankruptcy estate as it is absolutely exempt property under South Dakota law.

Debtors cited *Aisenbrey v. Hensley*, 70 S.D. 294, 17 N.W.2d 267 (1945), *In re Schneider's Estate*, 72 S.D. 174, 31 N.W.2d 261 (1948), and *Speck v. Anderson*, 318 N.W.2d 339 (S.D.1982). Trustee Lovald cited *Hansen v. Hansen*, 40 S.D. 114, 166 N.W. 427 (1918), and *First National Bank of Beresford v. Anderson*, 332 N.W.2d 723 (S.D.1983). For applicable statutes, Debtors cited S.D.C.L. §§ 15–16–7, 15–18–1 and –5, and 43–31–1. Trustee Lovald cited 11 U.S.C. § 544, Article XXI, § 4 of the South Dakota Constitution, and S.D.C.L. §§ 21–19–2 through –30 and 43–45–3.

At the July 13, 1999 hearing on the objection, Trustee Lovald and counsel for Debtors stipulated that the value of Debtors' home, plus sale costs, would exceed $30,000 and that no judgments had been entered pre-petition against Debtors in the county where the home is located. Both parties briefly restated the arguments raised in their pleadings. No formal briefs were filed.

After the hearing, Debtors filed an amended schedule of exempt property to claim $4,865 exempt as the unused portion

of their additional personal property exemptions under S.D.C.L. § 43–45–4. The $4,865 is to come from proceeds if their homestead is sold by the Trustee. At the Court's request, Debtors clarified that they had not abandoned their original argument that their entire homestead is exempt. Instead, they stated that the amended schedule of exemptions is to be considered an alternative theory for protecting more of their homestead if they lose the constitutional challenge to S.D.C.L. § 21–19–2. Trustee Lovald objected to the amended schedule. The amended schedule and Trustee Lovald's objection to it are addressed by the Court in a separate memorandum and order.

Pursuant to 28 U.S.C. § 2403(b), the Court notified the Attorney General of the State of South Dakota of Debtors' constitutional challenge to S.D.C.L. § 21–19–2. The Attorney General did not formally intervene, but he did set forth his conclusion that Debtors' arguments of unconstitutionality are without merit.

Debtors' constitutional arguments are essentially that the Trustee cannot use § 21–19–2 to force a sale of the homestead because it would be a pre-judgment taking and that § 21–19–2 impermissibly allows the forced sale of a homestead while not allowing the sale of other absolutely exempt property. Debtors' arguments are premised on the conclusions that a homestead in South Dakota is always absolutely exempt and is not subject to a judicial lien or sale.

As discussed below, the Trustee's authority to sell the property is not an exclusive product of S.D.C.L. § 21–19–2. However, to the extent that Trustee Lovald may need to rely on § 21–19–2 to obtain court approval to sell the homestead under either 11 U.S.C. § 363(f)(1) or (5), each of which could incorporate S.D.C.L. § 21–19–2, the Court will consider Debtors' constitutional challenges to § 21–19–2.

## II.

■ *Debtors' constitutional challenge of S.D.C.L. § 21–19–2 fails to consider the statute in the whole context of chapter 21–19.* Debtors' arguments surrounding the constitutionality of S.D.C.L. § 21–19–2 isolate the statue from other sections of ch. 21–19 and yield distorted conclusions. Section § 21–19–2 is just an initial step in the process a judgment creditor must follow to obtain a sale of a homestead to recover on a debt. All provisions of ch. 21–19 must be considered part of the homestead sale process. *Linquist v. Bowen,* 813 F.2d 884, 888–89 (8th Cir.1987); *Nielson v. AT & T Corp.,* 597 N.W.2d 434, 439 (S.D.1999). For example, § 21–19–24 provides for a valuation hearing and § 21–19–29 requires an execution before the sale is conducted.

*Debtors' constitutional challenge of S.D.C.L. § 21–19–2 incorrectly presumes that a homestead is always absolutely exempt.* While Debtors recite that homesteads are always absolutely exempt, the state constitution and applicable state statutes provide for the contrary. Article XXI, § 4 of the South Dakota Constitution directs the legislature to limit the value and define by law that homestead which shall be exempt from forced sale.[1] Section 43–31–1 of the state code, which creates the homestead exemption, recognizes that directive by providing that the homestead exemption exists "to the extent and as provided in this code[.]" Section 43–45–3(2) then sets forth a $30,000 value limitation when the homestead is voluntarily sold or is sold pursuant to S.D.C.L. ch. 21–19.[2]

1. Article XXI, § 4 of the South Dakota Constitution provides:

The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws.

2. The South Dakota legislature has given a broader homestead exemption to a person

■ The homestead is a privilege granted by law, not an estate in land. *In re Wood*, 8 B.R. 882, 887 (Bankr.D.S.D. 1981) (citing *Botsford Lumber Co. v. Clouse*, 63 S.D. 147, 257 N.W. 106, 108 (1934) (cited in *Schutterle v. Schutterle*, 260 N.W.2d 341 (S.D.1977))); *Speck*, 318 N.W.2d at 344 (quoting *Clouse*, 257 N.W. at 108). A defined homestead has significance in areas of law other than debtor-creditor matters, *see, e.g.*, S.D.C.L. § 25-2–7 and § 29A–2–402, and is distinct from the homestead exemption. *See* S.D.C.L. § 21–19–2 (both terms used), and *Hansen*, 166 N.W. at 428. *Compare* S.D.C.L. §§ 43–31–1 and 43–45–3 (homestead exemption statutes) to S.D.C.L. §§ 43–31–2, –3, and –4 (homestead definition statutes).

■ The value limitation on a homestead exemption has significance only when the homestead is the subject of litigation between the homestead owner and a judgment creditor. *O'Neill v. Bennett*, 49 S.D. 524, 207 N.W. 543, 546 (1926); *see also Rohl v. McCullough (In re Rohl)*, 34 F.2d 268, 270 (8th Cir.1929) (under the Bankruptcy Act, the case trustee could avoid pre-petition homestead sale by the debtor; the debtor's wife was entitled to $5,000 in homestead sale proceeds as her homestead exemption). Once the value of a homestead exceeds the protected exemption amount, a creditor may seek recovery of the excess to pay his claim. S.D.C.L. ch. 21–19. As explained in an early decision entered shortly after a value limitation was first adopted,

> [t]he result is that, where the owner of a homestead is free from debts, his homestead, may consist of 160 acres of land, with improvements thereon, free from

all limitation as to value.…[B]ut where the owner of such homestead is in debt, then such homestead, to the extent that it exceeds $5,000 in value, is subject to the payment of the owner's debt.

*Hansen*, 166 N.W. at 429; *see also Peck v. Peck*, 51 S.D. 157, 212 N.W. 872, 875–76 (1927) once the homestead character of property is established, the next question is whether it is exempt against creditors, which is really a question of value[3]. Since 1918 when *Hansen* was decided, the value limitation has been broadened to include voluntary transfers of a homestead, as well as sales obtained by a judgment creditor. S.D.C.L. § 43–45–3(2). The value limit also has been increased to $30,000. *Id.* Though the statutes that define and limit the value of a homestead exemption have changed somewhat in form over the years, the interpretative case law has remained consistent ever since a value limit was codified around 1890. *Hansen*, 166 N.W. at 428–29; *O'Leary v. Croghan*, 42 S.D. 210, 173 N.W. 844, 845 (1919) (the size and value of a homestead is left entirely to the wisdom of the legislature); *Pfeiffer v. Bormes (In re Bormes)*, 14 B.R. 895, 897 (Bankr.D.S.D.1981). "A homestead is exempt against creditors to the extent of the statutory amount of the exemption, over and above encumbrances." *First National Bank of Beresford*, 332 N.W.2d at 725–26 (citing *Peck*, 51 S.D. 157, 212 N.W. 872). If prior encumbrances are paid and the debtor is left with property worth at least as much as the amount of the homestead exemption, "the protection afforded by the provisions of our state constitution and statutes has been satisfied." *Id.* at 726.

■ Once a creditor obtains a judgment[4], chapter 21–19 of the South Dakota

---

over age 70 or that person's unremarried spouse. S.D.C.L. § 43–31–1. That provision is not material to this decision. The state code also includes some land-size limits to a homestead, S.D.C.L. §§ 43–31–3 and –4, which are also not material here.

**3.** Other states have homestead laws of similar impact. *See, e.g., Hollar v. United States (In re*

*Hollar)*, 184 B.R. 25 (Bankr.M.D.N.C.1995); *In re Giordano*, 177 B.R. 451, 455–56 (Bankr. M.D.N.Y.1995). Some courts describe the debtor's exemption as an equitable lien that will be satisfied from the trustee's sale proceeds. *Sticka v. United States (In re Sturgill)*, 217 B.R. 291, 295 (Bankr.D. Or.1998) (cites therein).

Code sets forth the procedure for creditors under state law to procure a sale of a homestead that exceeds the allowed exemption in § 43–45–3(2) but it does not define the exemption itself. The sale process begins in S.D.C.L. § 21–19–2:

No levy shall be made on any homestead to reach the valuation thereof in excess of the homestead exemption set by subdivision (2) of § 43–45–3, whether on attachment, execution, or other process, except as provided in this section. In the event the creditor claims such valuation exceeds such exemption he shall deliver to the officer holding the process, an affidavit, by himself or his attorney, setting forth the legal description of such homestead if real property . . ., the claim as to valuation thereof, and all encumbrances according to the affiant's best knowledge, information, and belief. If it appears from such affidavit that the value of debtor's equity exceeds such homestead exemption, the officer must file in the office of the register of deed of the county where the homestead is situated, a notice of levy on such homestead with the said affidavit attached thereto, which notice and affidavit shall be duly recorded and shall be forthwith served upon the debtor in the same manner as provided by this code as to other notices. From the time of such filing and such service, such notice shall be effective as a levy only on the excess over and above the homestead exemption.

Other sections in the chapter detail how the homestead is valued and how and when a sale is conducted.

■■■■■ That Debtors are exercising their homestead exemption after filing bankruptcy does not change the application of South Dakota's homestead exemption. When a person files a Chapter 7 petition, *all* his property, as defined by 11 U.S.C. § 541(a) becomes property of the bankruptcy estate. It includes even that property which the debtor may later exempt. 11 U.S.C. § 522(b) (a debtor may exempt certain property "from property of the estate"); *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In the District of South Dakota the property that a bankruptcy debtor may exempt is defined primarily by state law. 11 U.S.C. § 522(b)(2) and S.D.C.L. § 43–45–13. Once exempt, that property generally is no longer liable for pre-petition or administrative claims. 11 U.S.C. § 522(c).

■■■■■ A debtor's entitlement to an exemption is determined on the day he files his bankruptcy petition. 11 U.S.C. § 522(b)(2)(A); *Mueller v. Buckley (In re Mueller),* 215 B.R. 1018, 1022 (8th Cir. BAP 1998) (cites *therein) Harris v. Herman, (In re Herman),* 120 B.R. 127, 130 (9th Cir. BAP 1990). The value of exempt property in a Chapter 7 case is also determined on the date of the petition. *Armstrong v. Hursman (In re Hursman),* 106 B.R. 625, 626 (Bankr.D.N.D.1988). Exemptions are construed liberally in favor of the debtor. *Wallerstedt v. Sosne (In re Wallerstedt),* 930 F.2d 630, 631 (8th Cir. 1991).

■■■■■ When applying state exemption statutes, bankruptcy courts often place the trustee in his fiduciary role of the collector and liquidator of estate property. *Herman,* 120 B.R. at 130 n. 4; *see In re Duda,* 182 B.R. 662, 667 and 667 n. 6 (Bankr.D.Conn.1995) (trustee need not rely on his § 544 powers to object to claimed exempt property); *see also In re*

---

4. A judgment held by a creditor will attach as a lien to a homestead in excess of the allowed homestead exemption value, if any, from the date of docketing. S.D.C.L. § 15–16–7; *Bormes,* 14 B.R. at 897; *Brodsky v. Maloney,* 78 S.D. 605, 105 N.W.2d 911, 915 (1960); *Peter Mintener Lumber Co. v. Janisch,* 44 S.D. 42, 181 N.W. 914, 915 (1921); *Keim v. Rand,* 37 S.D. 408, 158 N.W. 904, 905 (1916). If the excess value is created after the judgment is entered, the judgment liens will attach to the excess in the order of their priority. *Bormes,* 14 B.R. at 897. This line of reasoning appears to be unvarying although the particular lien and homestead statutes have evolved through the years.

*Hill,* 39 B.R. 599, 601 (Bankr.D.Minn. 1984); *In re Arrol,* 207 B.R. 662, 666 n. 5 (Bankr.N.D.Cal.1997). Essentially, the bankruptcy trustee collectively does what creditors outside bankruptcy could have done individually. *In re Norman,* 157 B.R. 460, 462 (Bankr.C.D.Cal.1993). The rationale is a fundamental bankruptcy law principal.

> [T]he automatic stay prohibits unsecured creditors from proceeding to obtain judicial liens against estate property [and] the *quid pro quo* for the stay is that all of the debtors' nonexempt property will be distributed to those unsecured creditors who hold claims which could have been satisfied from that property but for the commencement of the case. The commencement of the case actually accelerates what would have happened in the absence of a filing, i.e., the unsecured creditors would have proceeded to judgment and liquidated the property for their benefit[.]

*Duda,* 182 B.R. at 667. The trustee's becomes akin to a hypothetical judicial lien creditor who has levied on all the debtor's property. *O'Brien v. Heggen,* 705 F.2d 1001, 1003 (8th Cir.1983) (relying of 11 U.S.C. § 544); *In re Mulch,* 182 B.R. 669, 574 (Bankr.N.D.Ca.1995); *Norman,* 157 B.R. at 462.[5] The debtor may remove only exempt property from this hypothetical levy. *Herman,* 120 B.R. at 130 (cites therein). Thus, when South Dakota's homestead exemption statutes are applied in bankruptcy, the debtor is limited to an exemption of $30,000 since the trustee

stands in the shoes of a hypothetical judgment creditor.

Section 43–45–3(2) of the state code provides the same value limitation if the judgment debtor sells his homestead voluntarily. Accordingly, if Debtors' transfer of their house to the bankruptcy estate is deemed a voluntary sale by virtue of their petition, *Karcher v. Gans,* 13 S.D. 383, 83 N.W. 431, 432 (1900),[6] then again the state's homestead exemption statutes allow them to protect only $30,000 in proceeds.

A consideration of Debtors' homestead exemption under either context— that the Trustee equals a judgment creditor or that Debtors voluntarily transferred their home to the bankruptcy estate upon filing their petition—produces the same result. Debtors' entire homestead is not absolutely exempt. Their exemptible homestead interest is limited to $30,000.

*The Trustee's sale of the homestead does not constitute an impermissible judicial sale under S.D.C.L. § 21–19–2.* Once the property of the estate has been determined and the exempt property has been removed, the trustee must liquidate the estate property to pay creditors. 11 U.S.C. § 704(1). If the bankruptcy estate and another entity both hold an interest in some estate property, the trustee may seek court approval to sell the property if one of several circumstances exist. 11 U.S.C. § 363(f).

As Debtors have acknowledged, a homestead in South Dakota is subject to

---

5. Some courts rely on the trustee's general status as the representative of the collective creditor interest in forcing a sale of any excess homestead equity. *Mulch,* 182 B.R. at 574. Others specifically rely on the trustee's hypothetical lien holder status under 11 U.S.C. § 544. *O'Brien,* 705 F.2d at 1003; *Duda,* 182 B.R. at 667 and 667 n. 6. It should be noted, however, that § 544(a)(3), which makes the trustee a hypothetical bona fide purchaser of the debtor's real property, does not apply when the validity of a homestead exemption is considered. *Michael v. Martinson (In re Michael),* 49 F.3d 499, 501–02 (9th Cir.1995). A homestead exemption is not an

interest that a debtor can perfect against a bona fide purchaser, a requirement for the application of § 544(a)(3). *Id.*

6. "Whether [a] sale is voluntary or forced depends, not upon the mode of its execution, but upon the presence or absence of the consent of the owner." *Karcher,* 83 N.W. at 432. The debtor may indirectly consent to a sale by consenting to those acts or things that necessarily or usually result in a sale. *Id.* at 432–22 (quoting (*Peterson v. Hornblower,* 33 Cal. 266 (1867)).

sale upon execution by a judgment creditor through S.D.C.L. ch. 21–19. It is the shoes of such a judgment creditor into which the Trustee may step to sell the homestead property under 11 U.S.C. § 363(f). The requirements of a judgment and execution under S.D.C.L. ch. 21–19 are not by passed in the bankruptcy, only accelerated by virtue of the Trustee's judgment lien creditor status. Thus, it is §§ 363(f) and 704(1) of the Bankruptcy Code, not S.D.C.L. ch. 21–19 alone, that allow the Trustee to sell the homestead although he is not actually a judgment creditor. *See In re Wierschem,* 152 B.R. 345, 349 (Bankr.M.D.Fla.1993) (trustee may sell homestead and give the debtor a portion of the proceeds where the debtor could only exempt a portion of the homestead because it exceeded the size allowed by state law); *In re Crabtree,* 112 B.R. 420, 424 (Bankr.W.D.Okla.1989) (trustee may sell property, part of which is exempt, and then pay the debtors that portion of the proceeds attributable to their exempt interest) (cites therein).

At least two subsections of § 363(f) may incorporate S.D.C.L. ch. 21–19. Under subsection 363(f)(1), the Trustee may rely on an "applicable non bankruptcy law" that permits the sale of the property free and clear of Debtors' interest. Under subsection 363(f)(5), the Trustee need only show that Debtors could be compelled by law or equity to accept a money satisfaction of their homestead interest. In this case, S.D.C.L. § 43–35–2(2) and ch. 21–19 are the non bankruptcy laws that allow a judgment creditor to sell a judgment debtor's homestead to realize on any equity in excess of $30,000 while protecting the debtor's $30,000 homestead interest.

Debtors also presumed that S.D.C.L. § 21–19–2 allows the forced sale of absolutely exempt homestead property while not allowing the sale of other exempt property. Again, it is to § 363(f) of the Bankruptcy Code, not S.D.C.L. § 21–19–2, that we must look for the Trustee's authority to sell property. That section allows the

Court to authorize the trustee to sell *any* property in which both the bankruptcy estate and another entity hold an interest. For example, if a debtor could claim only $3,000 of an $8,000 boat exempt under S.D.C.L. § 43–45–4, the trustee would seek court approval to sell the boat under 11 U.S.C. § 363(f) to realize the $5,000 equity for the bankruptcy estate. The trustee's sale of the boat, if approved, would be a product of federal bankruptcy law, not solely the product of any underlying non bankruptcy law incorporated by § 363(f).

### III.

■■■ *Debtors have not shown how S.D.C.L. § 21–19–2 violates the federal or South Dakota constitutions.* Much of Debtors' constitutional challenge to § 21–19–2 was based on inaccurate presumptions, as discussed above. To the extent that any constitutional challenge remains, Debtors have failed to meet their burden of showing that the statute "clearly and unmistakably … violates fundamental constitutional principles." *Accounts Management, Inc. v. Williams,* 484 N.W.2d 297, 299 (S.D.1992). Though the Trustee bears the burden on his objection to exemptions, F.R.Bankr.P. 4003(c) and *In re Davis,* 228 B.R. 242, 244 (Bankr.D.S.D. 1999) (citing *In re Fabian,* 122 B.R. 678, 682 (Bankr.W.D.Pa.1990)), Debtors bear the burden of showing § 21–19–2 is unconstitutional. *Williams,* 484 N.W.2d at 299. Debtors must overcome the presumption of constitutionality and prove beyond a reasonable doubt that the legislative act is unconstitutional. *Cheyenne River Sioux Tribe Telephone Authority v. Public Utilities Commission,* 595 N.W.2d 604, 613 (S.D.1999); *Sedlacek v. South Dakota Teener Baseball Program,* 437 N.W.2d 866, 868 (S.D.1989) (cites therein); *see Planned Parenthood, Sioux Falls Clinic v. Miller,* 63 F.3d 1452, 1464 (8th Cir.1995) (courts must read statutes as constitutional whenever possible).

■ Debtors have claimed that a sale of their homestead by Trustee Lovald under S.D.C.L. § 21–19–2 constitutes a denial of equal protection under the law in violation of § 1 of the Fourteenth Amendment of the United States Constitution and Article VI, § 18 of the South Dakota Constitution. Debtors, however, have failed to identify how § 21–19–2 establishes any classification, arbitrary or not, of persons subject to the law. *Williams,* 484 N.W.2d at 300; *Sedlacek,* 437 N.W.2d at 869. The statute appears on its face to apply to all similarly situated persons (debtors) equally. *Cheyenne River Sioux Tribe Telephone Authority,* 595 N.W.2d at 613–14. *Compare O'Leary,* 173 N.W. at 845 state law may not make amount of debtor's exemptions dependent on the nature of his debts nor discriminate between different classes of creditors, and *Home Lumber Co. v. Heckel,* 67 S.D. 429, 293 N.W. 549, 550 (1940) (Constitution does not authorize the legislature to differentiate between debts by providing that a homestead may be subject to mechanics' liens but not other debts). Debtors' equal protection challenge thus fails. *See Behrns v. Burke,* 89 S.D. 96, 229 N.W.2d 86, 88 (1975) (South Dakota's test for equal protection is likely more stringent than federal guarantees under the Fourteenth Amendment).

■ Debtors have also claimed that the sale of their homestead by Trustee Lovald violates due process afforded by the Fourteenth Amendment of the United States Constitution and Article VI, § 2 of the South Dakota Constitution. Under either procedural or substantive due process, Debtors must identify a property interest or liberty at stake that is constitutionally protected. *Roark v. Hazen,* 189 F.3d 758 (8th Cir.1999); *Singleton v. Cecil,* 176 F.3d 419, 424–25 (8th Cir.1999); *Carolan v. City of Kansas City, Mo.,* 813 F.2d 178, 181 (8th Cir. 1987); see *Cid v. South Dakota Department of Social Services,* 598 N.W.2d 887, 890–91 (S.D.1999). For substantive due process, a fundamental right or liberty

created by the Constitution must be identified. *Singelton,* 176 F.3d at 425. For procedural due process, an "important" right must be at stake. *Fuentes v. Shevin,* 407 U.S. 67, 89, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Debtors have not clearly identified that protected interest. Though we may presume it is their homestead that Debtors want protected, Debtors have not shown that a homestead, as an interest separate from their real property ownership rights, is a constitutionally protected interest where a homestead in South Dakota is not an estate in land or a fundamental liberty. *Wood,* 8 B.R. at 882 (cites therein).

■ As to substantive due process in particular, South Dakota's test is whether the statute in question bears a "real and substantial relation to the objects sought to be attained." *Katz v. Board of Medical and Osteopathic Examiners,* 432 N.W.2d 274, 278 n. 6 (S.D.1988) (quoted in *Knowles v. United States (In re Certification of Questions of Law),* 544 N.W.2d 183, 189 (S.D.1996)). It is more stringent than the federal courts rational basis test. *Katz,* 432 N.W.2d at 278 n. 6. The federal standard, however, is itself high because the Supreme Court is reluctant to use "the vague contours of the Due Process Clause" to invalidate legislation that adjusts the burdens and benefits of economic life. *Koster v. City of Davenport, Iowa,* 183 F.3d 762, 768 (8th Cir.1999) (cites therein). The violative action must be 'truly irrational,' which is something more than arbitrary or capricious. *Wellwood v. Johnson,* 172 F.3d 1007, 1010 (8th Cir.1999) (quoting *Anderson v. Douglas County,* 4 F.3d 574, 577 (8th Cir.1993)); *see generally County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (discussion of substantive due process in the context of executive action versus legislative action). On its face, however, § 21–19–2 appears to be a "real and substantial" element of the Legislature's scheme to fulfill Article XXI, § 4 of the South Dakota Constitution, which directs the legislature

to define that homestead and its value which shall be exempt from forced sale. *O'Leary*, 173 N.W. at 845.

■ As to procedural due process in particular, Debtors have not shown that a sale of their house by the Trustee will be without reasonable notice and an opportunity to be heard in a meaningful time and in a meaningful manner. *Schrank v. Pennington County Board of Commissioners*, 584 N.W.2d 680, 682 (S.D.1998); *Prairie Lakes Health Care System, Inc. v. Wookey*, 583 N.W.2d 405, 418 (S.D.1998) (cites therein); *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (three factors used to consider procedural due process). The Trustee's motion to sell under 11 U.S.C. § 363(f) will assure notice and an opportunity to be heard; the sale-approval process is not subsumed by the resolution of the Trustee's objection to their homestead exemption.

An order sustaining Trustee Lovald's June 3, 1999 objection shall be entered.