# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1733

_____

Curtis Arlen Nessan

*Appellant*

v.

John S. Lovald

*Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: October 17, 2012
Filed: December 5, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Curtis Nessan filed for Chapter 7 bankruptcy on November 8, 2010. Among his assets, he listed a 2002 Chevrolet Silverado and a Triton boat with a motor and trailer. Nessan had financed the purchase of the truck and boat by granting BankWest a security interest in them. At the time of filing, BankWest's security interest

exceeded the value of the property. Nessan claimed a one-dollar exemption each for the truck and boat.

When BankWest financed Nessan's purchase of the truck and the boat, it also sold him a disability credit insurance policy, which was issued by AIG Insurance ("AIG"). Nessan later became disabled, and AIG commenced monthly payments to BankWest to service Nessan's loans in satisfaction of the policy. AIG, however, stopped making payments, which, according to Nessan, violates its policy. Nessan intends to sue AIG for specific performance of the policy and damages for bad-faith refusal to pay. On his asset schedule, Nessan valued this legal claim at one dollar and took a one-dollar exemption for the claim.

Trustee John Lovald ("Trustee") objected to Nessan's exemption of the legal claim and moved for "all asset equity created by the application of AIG insurance policy payments upon the secured loan at BankWest" to be declared property of the estate. The bankruptcy court[1] ordered that any amount recovered on the claim against AIG in excess of one dollar would become property of the estate. The Trustee then sent Nessan a check for three dollars in satisfaction of his claimed exemptions and instructed him to deliver the truck and boat to BankWest. Nessan refused to deliver the property, arguing that the bankruptcy court's order did not support the Trustee's request. In response, the Trustee filed another motion with the court, asking it to order Nessan to turn over the truck and boat. The Trustee also asked the bankruptcy court to order that Nessan "not contrail the manner in which the AIG insurance claim is negotiated or processed prior to payment." The bankruptcy court granted the motion and ordered Nessan to deliver the truck, boat, and legal claim against AIG to the Trustee.

---

[1]The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

Nessan appealed to the district court,[2] arguing that "[u]nder South Dakota exemption law a debtor claims a specific item of property exempt, not just an interest in that item of property." Therefore, he argued, his one-dollar exemptions in the truck, boat, and legal claim against AIG exempted those items from the bankruptcy estate in their entirety. The district court disagreed and affirmed the decision of the bankruptcy court. Nessan now appeals.

"[W]e review the bankruptcy court's interpretation of the Bankruptcy Code *de novo* and its findings of fact for clear error." *In re Zahn*, 526 F.3d 1140, 1142 (8th Cir. 2008) (quoting *In re Farmland Indus., Inc.*, 397 F.3d 647, 650 (8th Cir. 2005)). "Although the district court's conclusions about the bankruptcy court's decision may carry some persuasive weight, our appellate review of the bankruptcy court's decision is independent of the district court's opinion." *In re Foust*, 52 F.3d 766, 768 (8th Cir. 1995).

"When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate . . . ." *Schwab v. Reilly*, 560 U.S. ---, 130 S. Ct. 2652, 2657 (2010); *see also* 11 U.S.C. § 541. "The Code, however, allows the debtor to prevent the distribution of certain property by claiming it as exempt." *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992); *see also* 11 U.S.C. § 522. "Exempt property is excluded from property of the estate available to satisfy debts." *In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007).

Federal law provides a list of property that the debtor may exempt. *See* 11 U.S.C. § 522(d). "The general rule under the Bankruptcy Code is that a debtor is permitted to choose between the scheme of federal exemptions prescribed in section 522(d) of the Code or the exemptions available under other federal law and the law

[2]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

of the state in which the debtor is domiciled." *Benn*, 491 F.3d at 813 (quoting 14 *Collier on Bankruptcy* Intro-2 (15th ed. rev. 2006)). However, states may opt out of the federal exemption scheme entirely. 11 U.S.C. § 522(b)(2). "If a State opts out, then its debtors are limited to the exemptions provided by state law." *Owen v. Owen*, 500 U.S. 305, 308 (1991).

South Dakota is one of many states that opt out of the Bankruptcy Code's exemptions. *See* S.D. Codified Laws § 43-45-13 ("[R]esidents of this state are not entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), exemptions which this state specifically does not authorize."). South Dakota law, therefore, determines the scope of Nessan's exemptions. *See Hanson v. First Nat'l Bank in Brookings*, 848 F.2d 866, 868 (8th Cir. 1988).

The South Dakota exemption laws allow debtors to exempt several categories of assets from judicial process. Certain personal effects, such as family pictures, burial lots, and clothing, are "absolutely exempt from . . . process, levy, or sale" regardless of their value. S.D. Codified Laws § 43-45-2. Similarly, a debtor's homestead is absolutely exempt. S.D. Codified Laws § 43-45-3. However, additional personal property may be exempted only to a limited degree:

> [T]he debtor, if the head of a family, may . . . select from all other of the debtor's personal property, not absolutely exempt, goods, chattels, merchandise, money, or other personal property not to exceed in the aggregate six thousand dollars in value; and, if not the head of a family, property as aforesaid of the value of four thousand dollars.

S.D. Codified Laws § 43-45-4.

Nessan argues that the bankruptcy court erred when it ordered him to turn over the property, believing that § 43-45-4 allows him to exempt entirely the truck, boat,

and legal claim against AIG by claiming one-dollar exemptions for each. We reject this contention. Unlike the two South Dakota statutes that provide absolute exemptions, the additional personal property exemption limits the debtor's ability to claim exemptions to an aggregate value of $6,000 if the head of a family, or $4,000 if not the head of a family. Therefore, in claiming a one-dollar exemption in each of the truck, boat, and legal claim against AIG under § 43-45-4, Nessan simply utilized three dollars' worth of the total value available for personal property exemptions. He did not exempt the property in its entirety. *See*, *e.g.*, *In re Ludwig*, No. 01-40473 (Bankr. D.S.D. Oct. 25, 2001) (holding that trustee could sell debtor's vehicles to recover for the estate any equity that exceeded § 43-45-4's exemption limit); *In re Hughes*, 244 B.R. 805, 814 (Bankr. D.S.D. 1999) ("[I]f a debtor could claim only $3,000 of an $8,000 boat exempt under S.D.C.L. § 43–45–4, the trustee would seek court approval to sell the boat under 11 U.S.C. § 363(f) to realize the $5,000 equity for the bankruptcy estate."); *In re Williams*, No. 95-30031 (Bankr. D.S.D. Jan. 26, 1996) (holding that a debtor could only exempt an item of property that exceeded the exemption limit by paying the difference between the value of the property and the exemption limit to the estate).

The check for three dollars satisfied any potential interest Nessan had in the truck, boat, and legal claim against AIG, and therefore there was no error in ordering Nessan to deliver that property to the Trustee. We affirm.

_____